UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

LUBBOCK DIVISION

| | |
|---|---|
| ELLEN MAE FISHER,<br><br>           Plaintiff<br><br>     vs.<br><br>TEXAS TECH UNIVERSITY<br>REGENTS et al.,<br><br>           Defendants. | Civil Case No. 5:26-CV-00073-X |

**UNOPOSED
MOTION TO WAIVE SECURITY BOND
UNDER FED. R. CIV. P. 65(c)**

This Court may issue a temporary restraining order or preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

However, setting the amount of security resides within the Court's sound discretion, and courts have frequently found that no bond is required where the Defendants face little or no risk of harm from the injunction. *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (affirming waiver of bond requirement) (cleaned up); see also *Great Am. Ins. Co. v. Ritter Prime Constr. Co.*, No. 1:21-CV-578-RP, 2022 U.S. Dist. LEXIS 52884, at *14 n.3 (W.D. Tex. Mar. 24, 2022) (holding "amount of security required is a matter for the discretion of the trial court; it may elect to require no security at all") (quoting *Corrigan Dispatch Co. v. Casa Guzman, S. A.,* 569 F.2d 300, 303 (5th Cir. 1978)).

1

Courts often waive the bond requirement when the plaintiff seeks to vindicate First Amendment rights, particularly where the defendant would not suffer material damages due to the proposed injunction. *Thomas v. Varnado*, 511 F. Supp. 3d 761, 766 n. 1 (ED La 2020) (enjoining school board from removing a painting of Pres. Donald Trump on student parking spot, and waiving bond because "the plaintiff was vindicating constitutional rights and … defendant would not suffer any 'material' damages due to the injunction"); *Nathan v. Alamo Heights Indep., Sch. Dist.*, 795 F. Supp. 3d 910, 948-49 (W.D. Tex. 2025) (waiving bond requirement in First Amendment case where defendant school was enjoined from requiring classroom display of Ten Commandments); *Watkins v. City of Arlington*, Civil Action No. 4:14-cv-381-O, 2014 U.S. Dist. LEXIS 95082, at *44 (N.D. Tex. July 14, 2014) (waiting bond requirement in First Amendment case).

Here, Defendants and Texas Tech face no realistic likelihood of harm from being temporarily restrained from their disciplinary action against Plaintiff Ellie Fisher.

Furthermore, counsel for Ms. Fisher contacted Deputy Chief of the Texas Attorney General's Special Litigation Division, opposing counsel Wade Johnson, on the date of this filing. Attorney Johnson indicated that the state of Texas would not oppose this motion.

## I. CONCLUSION

For the foregoing reasons, this Court should waive the security requirement under Federal Rule of Civil Procedure 65(c) for Plaintiff Ellen Mae Fisher.

Respectfully submitted,

Michael Thad Allen
admitted *pro hac vice*
ALLEN HARRIS PLLC
PO Box 404
Quaker Hill, CT  06320
(860) 772-4738
mallen@allenharrislaw.com

3