UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

LUBBOCK DIVISION

| | |
|---|---|
| ELLEN MAE FISHER,<br><br>      Plaintiff<br><br>   vs.<br><br>TEXAS TECH UNIVERSITY<br>REGENTS et al.,<br><br>      Defendants. | Civil Case No. 5:26-CV-00073-X |

**PLAINTIFF ELLIE MAE FISHER'S SUPPLEMENTAL RECORD APPENDIX**

1. **Exhibit T**, Second Affidavit of Tristen Perez, dated May 4, 2026.

# EXHIBIT T

Fisher Appendix: 0295

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

LUBBOCK DIVISION

ELLEN MAE FISHER,
Civil Case No. 5:26-CV-00073-X
Plaintiff
vs.

TEXAS TECH UNIVERSITY
REGENTS et al.,

Defendants.

**SECOND AFFIDAVIT OF TRISTAN PEREZ**

I am over the age of 18 and understand the meaning of an oath. I make all of the following statements based on my direct knowledge and experience.

1.  I am currently completing my third year as a law student at the Texas Tech University School of Law.

2.  I have been enrolled in the School of Law's clinical courses this semester assisting in the criminal defense of needy clients.

3.  This semester, clinic class meets on Thursdays, and I believe on Thursday, April 16, 2026, incoming clinic students met with current clinic students in the clinic offices with the clinical instructor Dwight McDonald.

4.  On that same day that the incoming class attended clinic, a local attorney gave a presentation, although I no longer remember her name.

5.  This attorney asked the clinic directors in the room of students if cursing was allowed in the clinic suite.

1

Fisher Appendix: 0296

6. The faculty directors and everyone in the room responded, "yes." I believe the expression was actually, "Hell yeah."

7. The speaker then proceeded to use profanity, including the "F-bomb" in her presentation. I also recall a clinical professor using the "F-bomb."

8. This was not a unique occurrence. Profanity and obscenities have been used widely in the clinic.

9. To the extent that anyone asserts that cursing in the clinic spaces is considered "unprofessional," neither do the clinical instructors act this way, nor have I ever witnessed anyone instructing me or anyone else that this is the case.

10. I do remember at the beginning of the year, we were instructed by the clinical faculty that we would be discussing controversial topics in clinic, and this was part of the clinic experience. In my personal experience, obscene topics, profanity, and similar subjects have often been discussed in the clinic.

11. In the same class in which the incoming clinic students visited our clinic office, I directly witnessed Professor Dwight McDonald joking and laughing about the death of a client of another clinic student, Ashanty Bishop.

12. Professor McDonald made a specific joke about the deceased client, marking him "DOA" on a spreadsheet shared with the class, either projecting or writing that on the board, and then asking, "where is he?"--or words to that effect.

13. Ashanty, who had responsibility for this client, answered, "He [the client] is dead" or words to that effect.

14. Professor McDonald responded, "Well, he won this one!" in reference to this client's demise.

2

Fisher Appendix: 0297

15. After this routine, the clinic students and Professor McDonald laughed. This was not the first or only time that Professor McDonald went through this routine with the "DOA" client.

16. I am not aware of any administrator or professor at the School of Law indicating that this was "unprofessional" behavior.

17. I am not aware of anyone going to the administration to report this behavior, including but not limited to Professor Morgeson.

18. In fact, on multiple occasions, I have overheard Professor Morgeson herself utilize profanity while speaking on the phone in the shared hallway space of the clinic office. I personally have never thought anything of it, nor have I taken issue with her or anyone else's use of profanity within the clinic space. It was my impression that we were all adults, and I had been led to understand that we were not required to self-censor while speaking within the clinic space.

19. The only one I know of who has been reported, reprimanded, or disciplined in any way in the clinic offices for any kind of levity about the death of anyone was when Ellie Mae Fisher was investigated for expressing viewpoints about the death of Charlie Kirk.

20. I am not aware of any student who is not black who has been disciplined or reprimanded for expressing any kind of levity or opinions about the death of anyone other than Ellie Fisher, although the viewpoints expressed by Fisher were not uncommon in the clinics or the School of Law.

**SIGNED UNDER THE PENALTIES OF PERJURY THIS 4TH DAY OF MAY 2026**

3

Fisher Appendix: 0298

Tristan Perez

Before me appeared the above identified individual, and upon confirmation of his identity, I witnessed the individual affix his verified signature to this document on the date indicated above,

_____, Notary



JAZLIN T RODRIGUEZ
Notary Public, State of Texas
Comm. Expires 12-03-2029
Notary ID 135541907

My commission expires on: 12 - 03 - 2029

4

Fisher Appendix: 0299