UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

ELLEN MAE FISHER,                           §
                                            §
        *Plaintiff*,                        §
                                            §
                                            §
v.                                          §    Civil Action No. 5:26-CV-0073-X
                                            §
CODY CAMPBELL, et al.,                      §
                                            §
        *Defendants*.                       §

**MEMORANDUM OPINION AND ORDER**

This case stems from a Texas Tech University law student allegedly making a celebratory statement after Charlie Kirk's assassination while she was working at a legal clinic at the school. The school investigated her. She filed this First Amendment lawsuit (also alleging a violation of section 1983), fearing the school would reprimand her and report that to the state bar. After she sued, but before she completed service, the school did as she feared. It reprimanded her and reported her to the state bar for acting unprofessionally, in violation of the school's honor code.

Before the Court is Plaintiff Ellen "Ellie" Mae Fisher's (Fisher) Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. (Doc. 4.) Her request (as modified by her reply brief) is for all defendants to annul their disciplinary action and report that to the state bar.

The Court must deny the motion. As the late Coach Leach found out, Texas Tech has sovereign immunity (called Eleventh Amendment immunity when a state is hauled into federal court). Some laws, like Title IX, waive that immunity for states

1

and agencies.  But the First Amendment doesn't.  And while section 1983 might have a role in this case to allow plaintiffs to recover damages for past actions that violated the First Amendment, it does not waive immunity for a defendant like Fisher to get a future injunction to nullify past action.  Because of this immunity, Fisher has not shown she is clearly entitled to relief the Court lacks the power to order.  As such, the Court **DENIES** the motion for a temporary restraining order and preliminary injunction.

## I.    Background

This case arises out of the aftermath of Charlie Kirk's assassination.  Fisher is a third-year law student at Texas Tech School of Law, nearing graduation.  Defendant Terri Morgeson (Professor Morgeson), Director of the Family Law Clinic, accused Fisher of celebrating Charlie Kirk's murder in the clinic program offices the day of the shooting—in violation of Texas Tech's Honor Code.  Defendant Dean Jack Nowlin (Dean Nowlin) subsequently appointed a different professor to investigate whether Fisher had "acted unprofessionally."[1]

At the conclusion of the investigation, the professor referred Fisher to Texas Tech School of Law's Honor Council, chaired by Defendant Professor Larry Spain, and comprising of the following Defendants: Professor Amy Hardberger, Professor Allison Outenreath, and second-year law student Ally Owens.

At the conclusion of the Honor Council's review, the Council found Fisher "fail[ed] to uphold professional or fiduciary obligations including, but not limited to,

---

[1] Doc. 4 at 5.

2

performance related to clinical programs."[2]  The Honor Council recommended that Fisher "receive a written letter of reprimand from the Dean of the School of Law."[3] Fisher's complaint alleges that this reprimand will be placed in her permanent school record and reported to the Texas Board of Law Examiners.

Fisher appealed the Honor Council's recommendation.  Defendant Jared Gonzales (Dean Gonzales), Associate Dean for Academic Affairs, heard her appeal and denied it.

Fisher alleges that a reprimand and the entire disciplinary procedure constitute unconstitutional viewpoint discrimination and retaliation.

Fisher subsequently filed this suit, raising a single claim of First and Fourteenth Amendment Retaliation under 42 U.S.C. § 1983 against Dean Nowlin, Professor Morgeson, Dean Gonzales, Professor Spain, Professor Hardberger, Professor Outenreath, and Ms. Owens in their official and individual capacities.  She also sued the members of the Texas Tech System Board of Regents in their official capacities (collectively "Defendants").

Fisher then moved for a Temporary Restraining Order and Preliminary Injunction to prevent Dean Nowlin from entering a reprimand and annul all disciplinary action against her.[4]  The same day the case was assigned to this judge,

---

[2] *Id.* at 7.

[3] Doc. 1 at 28.

[4] Doc. 4 at 24.

the Court ordered her to request summonses for all Defendants and ordered the Defendants to respond within seven days of service.[5]

Four days later, Fisher requested summonses from the clerk's office.[6]  But before then, Dean Nowlin filed the reprimand, reported it to the Texas Board of Law Examiners, and filed his recommendation against her admission to the State Bar of Texas.[7]

## II.    Legal Standard

A temporary restraining order is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion."[8]  "The decision to grant [such relief] it to be treated as the exception rather than the rule."[9]  Accordingly, "if a party fails to meet *any* of the four requirements, the court cannot grant the" temporary restraining order.[10]

A court may grant a temporary restraining order only when the movant establishes:

> (1) A likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.[11]

---

[5] Doc. 8.

[6] *See* Doc. 16.  The clerk's office issued the summonses that day.  *See* Doc. 17.  There is no proof of service of the summonses on the docket as of this date.

[7] Doc. 24 at 6–7.

[8] *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

[9] *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (Fitzwater, J.) (cleaned up).

[10] *Speed v. America's Wholesale Lender*, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (Lindsay, J.) (emphasis included in original).

[11] *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

### III.    Analysis

Before the Court can conduct the four-factor analysis, it must confirm its jurisdiction, even *sua sponte*.[12]  That is because "[f]ederal courts are courts of limited jurisdiction.   They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree."[13]  "Without jurisdiction the court cannot proceed at all in any cause."[14]

One jurisdictional bar is state sovereign immunity.[15]  "Sovereign immunity bars private suits against nonconsenting states in federal courts."[16]  And state sovereign immunity also "precludes suits against state officials in their official capacities."[17]

That said, there are two primary exceptions.  "First, Congress may expressly abrogate state sovereign immunity."[18] And second, *Ex parte Young* "permits suits for prospective . . . relief against state officials acting in violation of federal law."[19]

---

[12] *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020) ("This court has a continuing obligation to assure itself of its own jurisdiction, sua sponte if necessary." (cleaned up)); *see also Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015) ("It is axiomatic that [the Court] must consider the basis of [its] own jurisdiction, sua sponte if necessary." (cleaned up)); *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (cleaned up)).

[13] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up).

[14] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (cleaned up).

[15] *See, e.g.*, *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) ("In most cases, Eleventh Amendment sovereign immunity bars private suits against nonconsenting states in federal court.").

[16] *Jackson v. Wright*, 82 F.4th 362, 367 (5th Cir. 2023) (cleaned up).

[17] *Mi Familia Vota v. Ogg*, 105 F.4th 313, 325 (5th Cir. 2024) (cleaned up).

[18] *Green Valley Special Util. Dist.*, 969 F.3d at 471 (cleaned up).

[19] *Id.* (quoting *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004)).

"Here, Congress has not abrogated Texas's sovereign immunity, and the State has not consented to suit. *Young* is the whole ballgame."[20]

The Fifth Circuit has explained that "*Ex parte Young* created a narrow doorway through the sovereign immunity defense" and "[t]o turn the key on the *Ex parte Young* door, a plaintiff must sue the right defendants and ask for the right remedy."[21]

First, the right defendants. To be the right defendants under *Ex parte Young*, the individuals must be "officers of the state . . . clothed with some duty in regard to the enforcement of the laws of the state . . . who threaten and are about to commence proceedings, either of a civil or criminal nature."[22] In short, the defendant "must have some connection with the enforcement of the law being challenged."[23]

The Fifth Circuit admits its decisions "are not a model of clarity on what constitutes a sufficient connection to enforcement."[24] But they have provided some guideposts: the official must have "more than the general duty to see that the laws of the state are implemented"; it must be a "particular duty to enforce the statute in question"; the official must have "demonstrated willingness to exercise that duty"; and "the state official, through her conduct, compels or constrains persons to obey the

---

[20] *Id. See also Harris v. Angelina Cnty*, 31 F.3d 331, 337–38 (5th Cir. 1994) ("Under the authority of *Ex Parte Young* . . . and later authority, a § 1983 action seeking prospective injunctive relief based on federal constitutional violations may be brought against state officials in their official capacities.") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989)).

[21] *Jackson*, 82 F.4th at 367.

[22] *Ex parte Young*, 209 U.S. 123, 155–56 (1908).

[23] *Mi Familia Vota*, 105 F.4th at 325 (cleaned up).

[24] *Id.* (cleaned up).

challenged law."[25]  Even so, plaintiffs "need only show a scintilla of enforcement by the relevant state official."[26]

Here, Fisher's initial motion seeks an order "enjoining . . . all Defendants from entering a Reprimand" and (2) "annulling all disciplinary action against Plaintiff Ellie Fisher."[27]  She adjusts this request in her reply.[28]  Fisher admits that her request to "enjoin Defendants from entering a reprimand" is "obsolete."[29]  She now asks for an order "requiring Defendants to annul their disciplinary action against Fisher and inform the [Texas Board of Law Examiners] that any and all disciplinary outcomes against Fisher are officially retracted pending trial."[30]

But the only defendants who have even a scintilla of enforcement authority to effectuate this relief are Dean Nowlin, who sent the reprimand to the Texas Board of Law Examiners; Dean Gonzales, who has appellate review of Honor Code violations; and the Board of Regents.[31]  The remaining defendants are not ones the Court could order injunctive relief from under *Ex parte Young*.

---

[25] *Id.* (cleaned up).

[26] *Book People, Inc. v. Wong*, 91 F.4th 318, 335 (5th Cir. 2024) (cleaned up).

[27] Doc. 4 at 24.

[28] While generally improper to seek new remedies in a reply brief, the Court nonetheless considers this request because the Texas Board of Law Examiners was sent the letter after the motion was filed but before service was effectuated.

[29] Doc. 26 at 3 n.3.

[30] *Id.* at 10.

[31] The Defendants argue that the Board of Regents Defendants are improper under *Ex parte Young*.  But the Fifth Circuit has already held that individual members of a board of regents are proper defendants within the context of academic discipline.  *Jackson*, 82 F.4th at 368.

Second, the right remedy.  *Ex parte Young*'s narrow carveout permits courts to "command[] a state official to do nothing more than refrain from violating federal law."[32]  So the doctrine is limited to "prospective relief to stop future harms."[33]  It "does not permit judgments against state officers declaring that they violated federal law in the past."[34]  Nor can it be used to attack or undo a state official's past actions.[35]

Accordingly, injunctions that are packaged as prospective relief but require "the voiding of a final state" official's action are "quintessentially retrospective and thus out of bounds under *Young*."[36]

Again, Fisher now seeks two remedies: (1) an injunction annulling the defendants' disciplinary action against her and (2) enjoining the defendants to inform the Texas Board of Law Examiners that any and all disciplinary outcomes against Fisher are officially retracted.[37]

Like invalidating or voiding a state agency order, annulling defendants' past disciplinary action against Fisher is "quintessentially retrospective."[38]  Namely, to annul is to "declare or make legally invalid or void."[39]  Thus an annulment can only

---

[32] *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011) (cleaned up).

[33] *United States v. Abbott*, 85 F.4th 328, 336 (5th Cir. 2023).

[34] *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

[35] *Abbott*, 85 F.4th at 336 ("*Ex parte Young* cannot be used to attack the Governor's *past* actions." (emphasis in original)).

[36] *Green Valley Special Util. Dist.*, 969 F.3d at 473 (cleaned up).

[37] Doc. 26 at 10.

[38] *Green Valley Special Util. Dist.*, 969 F.3d at 473 (cleaned up).

[39] *Annul*, Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/annul (last visited May 12, 2026).

reach what has been, not what will be.  To conclude otherwise would impermissibly conflate retroactive and prospective relief.[40]  So her first remedy it is "out of bounds under *Young*."[41]

Because the Court lacks jurisdiction to order Dean Nowlin, Dean Gonzales, and the Board of Regents to annul the past action, it cannot order them to tell the Texas Board of Law Examiners that they have done so.  Such would be a lie.[42]  That too is barred by *Ex parte Young*.

In sum, *Ex parte Young*'s narrow doorway is locked to Fisher as to these requests.

Fisher argues that her injunction is warranted to return this case to "the last uncontested status of parties."[43]  For example, in *Doe v. Texas Christian University*, the learned Judge O'Connor issued a temporary restraining order against TCU that ended a suspension.[44]

Suspensions and reprimands are different, as are Title IX and the First Amendment.  *Doe* centered on a Title IX claim, and Congress abrogated the States'

---

[40] *Cf. Olivier v. City of Brandon, Miss.*, 607 U.S. --- (2026) ("In other words, the relief requested is only prospective; Olivier seeks neither the reversal of, nor compensation for, his prior conviction."); *Olivier v. City of Brandon, Miss.*, 121 F.4th 511, 514 (5th Cir. 2024) (Oldham, J. dissenting from denial of rehearing en banc) ("Injunctions do not work backwards to invalidate official actions taken in the past.  Rather, they operate to prevent future official enforcement actions[.]"); *id.* at 513 (Ho, J. dissenting from denial of rehearing en banc).

[41] *Green Valley Special Util. Dist.*, 969 F.3d at 473 (cleaned up).

[42] The Texas Board of Law Examiners is owed the truth.  And our dues.  But maybe not sovereign immunity anymore under *Galette v. New Jersey Transit Co.*, 607 U.S. --- (2026).

[43] Doc. 26 at 3 (quoting *Doe v. Tex. Christian Univ.*, 601 F. Supp. 3d 78, 96 (N.D. Tex. 2022) (O'Connor, J.)).

[44] *Doe*, 601 F. Supp. 3d at 95–96.

Eleventh Amendment immunity for purposes of Title IX.[45]  Section 1983 does not do to the states what Title IX does.[46]  Besides, suspending a student is a continuing course of conduct.  And the courts under *Ex parte Young* can enjoin the future action of continuing a suspension.  But there is no future action with a reprimand.

Likewise, *Shah v. University of Texas Southwestern Medical School*—which Fisher does not cite—is inapplicable.[47]  In *Shah,* a medical student was dismissed, sued UT Southwestern alleging his dismissal was unlawful, and asked for preliminary injunctive relief because Shah feared UT Southwestern would disclose Shah's disciplinary record to the other medical schools he was applying to.[48]  On that record, Judge Fitzwater granted preliminary injunctive relief because there was "an imminent threat that defendants will disseminate" Shah's disciplinary record to third parties and "send notice to the schools that he was dismissed."[49]  The future issue was not focused on harm to the plaintiff's reputation but rather on conduct of the school.

But here, Dean Nowlin has already informed the Texas Board of Law Examiners and State Bar of Texas about the reprimand.  The Defendants' conduct

---

[45] *Pederson v. La. State Univ.*, 213 F.3d 858, 876 (5th Cir. 2000) (en banc).

[46] *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States.").  *See also Green Valley Special Util. Dist.*, 969 F.3d at 471 ("Here, Congress has not abrogated Texas's sovereign immunity, and the State has not consented to suit.  *Young* is the whole ballgame."); *Harris*, 31 F.3d at 337–38 ("Under the authority of *Ex Parte Young* . . . and later authority, a § 1983 action seeking prospective injunctive relief based on federal constitutional violations may be brought against state officials in their official capacities." (cleaned up)).

[47] 129 F. Supp. 480 (N.D. Tex. 2015) (Fitzwater, J.).

[48] *Id.* at 496.

[49] *Id.*

has already occurred.  So there is no future or ongoing action by the Defendants to enjoin.

The Eleventh Amendment's jurisdictional bar therefore remains as to the relief Fisher seeks in this motion.

But the Court must note that circumstances might change.  It is possible the Defendants would take future action (like suspending Fisher or preventing her from graduating) that Fisher might believe to be unlawful.  Some of those actions might fit within—instead of fight—*Ex parte Young*.  But no such request is before the Court. Nor is there any indication that those harms are forthcoming.[50]  For that reason, the Court lacks jurisdiction over this motion and "cannot proceed at all" on the requested injunctive relief.[51]

Accordingly, the Court must deny her motion.[52]

This does not mean that Fisher has no case.  Under section 1983, she may still seek monetary damages against the individual defendants.[53]

---

[50] *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (holding that the plaintiff's allegations of past harm was insufficient to seek prospective relief absent facts showing he was likely to suffer a future injury).

[51] *Steel Co.*, 523 U.S. at 94.

[52] Fisher also contends that a court can alter the status quo via a preliminary injunction where there is "a clear entitlement to the relief under the facts and the law."  Doc. 26 at 8 (quoting *Justin Indus., Inc. v. Choctaw Secs., L.P.*, 920 F.2d 262, 268 n.7 (5th Cir 1990)).  But the Court cannot conclude there is a clear entitlement under the facts and law, as there are numerous questions of law, many of which are intensely fact dependent.  Here are a few.  Is Fisher an employee or a student?  If an employee, is *Pickering* or *Garcetti* the proper framework to apply?  If this is a student speech case only, was the Defendants' interest in professionalism compelling and the reprimand narrowly tailored to promote it?  Was this a content or viewpoint-based reprimand?  Have the Defendants sufficiently permitted speech activities in the clinic space such as to transform it into a designated public forum? Fisher's entitlement to relief, if she is entitled to any, is anything but clear at this stage.

[53] *See Stanley v. Morgan*, 120 F.4th 467, 473 (5th Cir. 2024) ("A creature of tort liability, § 1983 permits recovery of compensatory damages, attorney's fees, and when appropriate, even punitive damages." (cleaned up)).  And this is a separate reason why the Court will not issue injunctive relief

11

\* \* \*

"Federal courts are courts of limited jurisdiction."[54]  They are not the courts of universal justice.  Accordingly, the Court may only act where the Constitution or a statute permit it.[55]  Here, the Eleventh Amendment prohibits Fisher's requested relief, so the Court **DENIES** the motion for a temporary restraining order and preliminary injunction.

**IT IS SO ORDERED** this 12th day of May, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

to preserve the last uncontested status quo.  As Judge O'Connor has explained, injunctive relief is necessary when preserving the last uncontested status quo if it is the only way to "prevent irreparable injury *so as to preserve the court's ability to render a meaningful decision on the merits*." *Doe*, 601 F. Supp. 3d at 96 (quoting *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1980)) (emphasis added).  Despite the fact that more money has been known to cause more problems, money is still a meaningful remedy that precludes the need for injunctive relief here.

[54] *Kokkonen*, 511 U.S. at 377.

[55] *Id.*