UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

LUBBOCK DIVISION

| | |
|---|---|
| ELLEN MAE FISHER,<br><br>      Plaintiff<br><br>vs.<br><br>TEXAS TECH UNIVERSITY<br>REGENTS et al.,<br><br>      Defendants. | Civil Case No. 5:26-CV-00073-X |

**UNOPPOSED
PLAINTIFF'S FIRST MOTION FOR LEAVE TO AMEND**

### I.    PROCEDURAL BACKGROUND

Plaintiff Ellen Mae Fisher respectfully moves this Honorable Court for leave to amend under Fed. R. Civ. P. 15(a)(2) and N.D.Tex. L.R. 15.1(b) and in compliance with this Court's Order (ECF No. 29). The Amended Complaint in clean copy and redline have been filed and attached to this Motion and previously filed as ECF No. 28.

Fisher filed her Complaint with jury demand on April 12, 2026. ECF No. 1. Due to a clerical error, her counsel filed an Amended Complaint that same day. ECF No. 3. The sole count was a claim under 42 USC § 1983 for First Amendment retaliation.

Concurrently, Fisher filed a motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 4.

Defendants opposed and filed a Motion to Dismiss with their opposition. ECF No. 23, 24.

The deadline for Fisher's response to the Motion to Dismiss was March 18, 2026.

21 days after Defendants' filing of the Motion to Dismiss, Fisher filed a Second Amended Complaint. ECF No. 28. The Court struck the Second Amended Complaint for

1

noncompliance with Rule 15 but indicated that the Court intends to grant leave to amend if presented with a Rule 15 motion. ECF No. 29.

The chief changes in the Second Amended Complaint are the following:

- The addition of two new defendants, Professor William Keffer and The Texas Tech University System Board of Regents.

- The removal of Defendant Terri Morgeson in her individual and official capacity.

- The removal of Defendants sued in their official capacities following this Court's ruling on Fisher's Motion for Temporary Restraining Order and Preliminary Injunction, which addressed *Ex parte Young* Defendants but with the exception of Morgeson, retaining Defendants sued in their individual capacities.

- The addition of new facts, in particular those indicating Texas Tech's escalating retaliation against Fisher for her protected speech post suit.

- The addition of a new account under Title VI of the Civil Rights Act of 1964, 42 USC § 2000d, et seq.

See ECF No. 28, 28-1 (filed in clean copy and in redline indicating changes).

## II.    ARGUMENT

Federal Rules of Civil Procedure 15(a)(2) instructs that the federal "court should freely give leave when justice so requires." *Id*. The Supreme Court "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962), citing *Conley v. Gibson*, 355 U.S. 41, 48, 78 S. Ct. 99, 103, 2 L.Ed.2d 80, 85-86 (1957).

If an amended pleading is not futile, which Fisher's is not, the Court should grant leave to amend "[i]n the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party." *Id*.

Here, there is no undue delay, bad faith, or dilatory motive on the part of Fisher. Had her counsel not amended the initial fresh complaint on the day it was filed for clerical reasons, Fisher would have been entitled to amend the original Complaint as of right on the deadline for the response to Defendants' Motion to Dismiss.  See Fed. R. Civ. P. 15(a)(1)(B).

**CONCLUSION**

Wherefore, in compliance with this Court's Order and Fed. R. Civ. P. 15, Plaintiff Ellen Mae Fisher respectfully moves this Honorable Court to grant leave to amend and enter the attached Second Amended Complaint on the docket.

Respectfully submitted,

Michael Thad Allen (435762)
ALLEN HARRIS PLLC
PO Box 404
Quaker Hill, CT 06375
(860) 772-4738
mallen@allenharrislaw.com

Mark T. Mansfield
Local Counsel for Ellie Fisher
Mansfield & Mansfield, P.C.
1550 Norwood Dr.
Suite 107
Hurst, Texas 76054 817-282-3450
mark@mansfieldpc.com

3

## CERTIFICATE OF CONFERENCE

I, undersigned counsel, hereby certify in compliance with N.D.Tex. L.R. 7.1(h) that on May 20, 2026, I emailed counsel who has appeared on behalf of all Defendants (excluding the new defendants William Keffer and the Texas Tech University System Board of Regents), Texas Assistant Attorney General, Deputy Chief Special Litigation Division, Wade Johnson, requesting to meet and confer and asking whether his clients would consent or oppose the foregoing motion. I received a response that Defendants do not oppose this motion, but stating the following:

> "Defendants oppose Plaintiff's request to amend her Complaint a second time to add a new claim of racial discrimination but understand that the Court intends to grant Plaintiff's motion for leave to amend and are therefore unopposed for this reason only."

_____
Michael Thad Allen, Esq.

4