UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

LUBBOCK DIVISION

| | |
|---|---|
| ELLEN MAE FISHER,<br><br>Plaintiff<br><br>vs.<br><br>TEXAS TECH UNIVERSITY REGENTS et al.,<br><br>Defendants. | Civil Case No. 5:26-CV-00073-X |

**PLAINTIFF ELLEN MAE FISHER'S
OPPOSED
MOTION FOR PRELIMINARY INJUNCTION PENDING APPEAL**

i

## TABLE OF CONTENTS

**Plaintiff Ellen Mae Fisher's  Opposed Motion for Preliminary Injunction Pending Appeal . i**

**Table of Contents** ..................................................................................................................... **ii**

**Table of Authorities** ................................................................................................................ **iii**

    I.     Procedural and Factual Background ................................................................... 1

        A.    TTU Doubles Down on its Retaliation to Deprive Fisher of Remedy ........................... 1

        B.    Fisher's Plan for Future Bar Admissions and the Ongoing Harm Caused by Defendants 3

        C.    Procedural Posture ...................................................................................... 4

    II.    Argument ....................................................................................................... 6

        A.    The Fifth Circuit Has Long Established Annulment/Expungement of Reprimands as Prospective Relief ....................................................................................... 7

        B.    Undersigned Counsel Can Identify No Distinction between Employment and Educational Cases with Regard to Expungement of Illegal Disciplinary Records ................. 8

        C.    *Green Valley* Also Indicates an Injunction Is Warranted ............................................ 10

        D.    Expungement of Disciplinary Records Is Clearly Established Prospective Remedy ... 13

        E.    Expungement Specifically Protects against Unfair Prejudice in Bar Proceedings ....... 14

        F.    Expungement of Lesser Sanctions Than "Reprimand" Qualify for Prospective Relief 15

        G.    The Court's Decision Deprives Fisher and Any Similarly Situated Plaintiff of Remedy 16

    III.    Conclusion ..................................................................................................... 18

## TABLE OF AUTHORITIES

**Cases**

*Bhattacharya v. Murray*, 515 F. Supp. 3d 436 (W.D. Va. 2021) ................................................. 17

*Burch v. Barker*, 861 F.2d 1149 (9th Cir. 1988)............................................................................. 13

*Daniels v. Tex. DOT*, No. 4:15-CV-00702-CAN, 2016 U.S. Dist. LEXIS 166407 (E.D. Tex. Dec. 2, 2016) ...................................................................................................................................... 9

*Doe v. Citadel*, No. 2:21-cv-04198-DCN, 2022 U.S. Dist. LEXIS 127707 (D.S.C. July 18, 2022) ............................................................................................................................................. 15

*Doe v. Cummins*, 662 F. App'x 437 (6th Cir. 2016) ...................................................................... 14

*Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836 (9th Cir. 1997)......................................... 13

*Doe v. Purdue* Univ., 928 F.3d 652 (7th Cir. 2019) ...................................................................... 15

*Doe v. Tex. Christian Univ.*, 601 F. Supp. 3d 78 (N.D. Tex. 2022) ............................................... 6

*Elliott v. Hinds*, 786 F.2d 298 (7th Cir.1986) ................................................................................. 8

*Ex parte Young*, 209 U.S. 123 (1908)......................................................................... 5, 7, 9, 13, 14

*Flint v. Dennison*, 488 F.3d 816 (9th Cir. 2007)...................................................................... 8, 13

*Fluor Eng'rs & Constructors, Inc. v. S. Pac. Transp. Co.*, 753 F.2d 444 (5th Cir. 1985).............. 2

*Garcetti v. Ceballos*, 547 U.S. 410, 126 S. Ct. 1951, 164 L.Ed.2d 689 (2006)............................. 7

*Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460 (5th Cir. 2020) ....... 5, 10, 11, 12

*Hall v. Med. Coll. of Ohio at Toledo*, 742 F.2d 299 (6th Cir. 1984) ........................................... 15

*Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 221 (5th Cir. 1999) ...................................... 16

*Heilrayne v. Univ. of Tex.*, No. 1:25-cv-640-DAE, 2026 U.S. Dist. LEXIS 47701 (W.D. Tex. Jan. 27, 2026).................................................................................................................................. 8

*Jensen v. Brown*, 131 F.4th 677 (9th Cir. 2025)........................................................................... 13

*Jones v. Bd. of Governors of Univ. of N.C.*, 704 F.2d 713 (4th Cir. 1983)............................ 10, 15

*Malkan v. Mutua*, No. 12-CV-236-A, 2012 U.S. Dist. LEXIS 143311 (W.D.N.Y. Oct. 3, 2012) .................................................................................................................... 8, 9

*Matos v. Clinton Sch. Dist.*, 367 F.3d 68 (1st Cir. 2004).............................................................. 9

*Monteleone v. Univ. of Ariz. Dean of Student's Office*, No. CV-20-00189-TUC-JAS (MSA), 2021 U.S. Dist. LEXIS 5738 (D. Ariz. Jan. 11, 2021), *R&R adopted*, 2021 U.S. Dist. LEXIS 24823 (D. Ariz., Feb. 8, 2021) ................................................................................................ 16

*Morgan v. Bd. of Prof'l Responsibility of the Supreme Court of Tenn.*, 63 F.4th 510 (6th Cir. 2023) ....................................................................................................................... 10, 14

*Papasan v. Allain*, 478 U.S. 265, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) .............................. 10

*Papish v. Bd. of Curators of Univ. of Mo.*, 410 U.S. 667, 93 S. Ct. 1197, 35 L.Ed.2d 618 (1973) ................................................................................................................................. 12

*Pickering v. Bd. of Educ.*, 391 U.S. 563, 88 S. Ct. 1731, 20 L.Ed.2d 811 (1968).......................... 7

*Reitz v. Woods*, 85 F.4th 780, 789 (5th Cir. 2023)....................................................................... 4

*Roberts v. St. Regis Paper Co.*, 653 F.2d 166 (5th Cir. 1981)....................................................... 6

*Scott v. Flowers*, 910 F.2d 201 (5th Cir. 1990)............................................................................ 7

*Shah v. University of Texas Southwestern Medical School*, 129 F. Supp. 3d 480 (N.D. Tex. 2015) ............................................................................................................................... 6, 9, 12

*Shepard v. Irving*, 77 Fed. Appx. 615 (4th Cir. 2003)............................................................ 6, 9. 15

*Tex White v. State*, No. 4:23-CV-925-P, 2023 U.S. Dist. LEXIS 209443 (N.D. Tex. Oct. 25, 2023) .................................................................................................................................. 7

*United States v. Abbott*, 85 F.4th 328, 336 (5th Cir. 2023) ....................................................... 12

*Van Overdam v. Texas A&M Univ.*, 43 F.4th 522 (5th Cir. 2022) ................................................ 9

*Williams ex rel. J.E. v. Reeves*, 954 F.3d 729 (5th Cir. 2020) ..................................................... 11

*Williams v. Kentucky*, 24 F.3d 1526 (6th Cir. 1994)...................................................................... 8

*Zeng v. Tex. Tech Univ. Health Sci. Ctr. at El Paso*, No. EP-19-CV-99-KC, 2020 U.S. Dist. LEXIS 40734 (W.D. Tex. Mar. 4, 2020) .................................................................................. 9

**Statutes**

28 USCS § 1292(a)(1) ................................................................................................................. 5

42 USC §1983.............................................................................................................................. 4

**Rules**

Fed. R. App. P. 4(a)(1)(A) ........................................................................................................... 5

Fed. R. App. P. 8(a)(1)(C) ........................................................................................................ 1, 5

Fed. R. Civ. P. 12(b)(5)........................................................................................................... 2

Fed. R. Civ. P. 62(d) ................................................................................................................ 1

Plaintiff Ellen Mae Fisher respectfully moves this Honorable Court for a Preliminary Injunction pending her appeal of this Court's Order denying her Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 4, 27) under Fed. R. Civ. P. 62(d) and in compliance with Fed. R. App. P. 8(a)(1)(C).

## I.   PROCEDURAL AND FACTUAL BACKGROUND

### A.  TTU Doubles Down on its Retaliation to Deprive Fisher of Remedy

On April 12, 2026, Plaintiff Ellen Mae Fisher filed suit and simultaneously moved for a Temporary Restraining Order and Preliminary Injunction.  ECF No. 3, 4. Prior to filing (on April 8, 2026), Plaintiff Ellen Mae Fisher, through counsel, wrote to counsel for Defendants, Ronny Wall, Managing Attorney and Executive Director for Public Information of the Texas Tech School of Law (TTU). Fisher Appendix (FA) at 302-303,[1] Exhibit U.

Fisher's counsel demanded that Defendants cease retaliating against Fisher for her free exercise of speech and attached a draft complaint. Id. Fisher received no response other than an email the next day informing her counsel that Attorney Wall had referred the matter to the Texas Attorney General's Office. Id at 303.

Fisher filed in this Court only one month after TTU's Honor Council issued a Report (on March 11, 2026) recommending she be "reprimanded" for her protected speech. FA, 145-151. The filing was less than two weeks after Fisher appealed internally to Defendant Jarod Gonzalez, through the procedures of TTU. Def's Appx, ECF No. 25, at 80. Defendant Gonzalez received Fisher's internal appeal on March 27, 2026. Id. But he did not begin his review until three days later. Id., 78-79.

---

[1] The Fisher Appendix  (FA) is numbered sequentially. For reference, the FA has been filed as follows:
    Fisher Appendix, ECF No. 4-1: Page 1-293.
    Fisher Appendix, ECF No. 26-1: Page 294-299.
    Fisher Appendix, ECF No. 33-1: Page 300-338.

After filing her complaint and TRO/PI motion, this Court ordered Fisher "to serve the Defendants by any means necessary." ECF No. 8.  Fisher's counsel sent Attorney Wall a copy of the fresh complaint by email on April 13, 2026 (12:30 2 PM CT).  FA at 305, Exhibit V.

TTU responded by accelerating its retaliation. Defendant Gonzalez rejected Fisher's appeal with a perfunctory, two-paragraph denial. Def's Appx, 17. Dean Nowlin then issued a written reprimand, disclosing for the first time that he had convened some sort of Dean's Star Chamber, outside of TTU's established procedures, invoking evidence Fisher was never permitted to confront or refute. Id., 85-86. This "reprimand" accused Fisher of new, never-before-disclosed accusations, ironically including "dishonesty" while the Dean invoked non-existent "admissions." Id. at 89. Dean Nowlin then fired off another letter to the Texas Board of Law Examiners (Law Examiners) to maximize the damage this reprimand inflicted on Fisher. Id., 88-90. The timestamp indicates that Dean Nowlin submitted this package shortly before close of business (16:25:10 CDT) on April 13, 2026. Id., 93. This was approximately four hours after TTU received Fisher's Complaint.[2] Id.

There can be no question that TTU was aware of Fisher's legal action. But TTU doubled down on its retaliation for her protected speech. Obviously, the clinic offices of TTU suffered no disruption or failure to serve clients. In fact, TTU awarded Fisher straight "A's" for her performance in the clinical courses for Spring 2026.  FA at 310, Exhibit W.

---

[2] This Court's has faulted Plaintiff's counsel for failing to order summonses for all Defendants from the Clerk of Court. However, Fed. R. Civ. P. 4 "has been read by the courts in a manner that effectuates its function without creating technical traps for the unwary, that is, technical in the sense that the purpose of the rule is not served" and courts should only disallow plaintiffs to perfect service where defendants suffer "material prejudice"; furthermore, "these concerns are not implicated where the defendant has actual notice of the claim being asserted against him and the facts upon which the claim is based." *Fluor Eng'rs & Constructors, Inc. v. S. Pac. Transp. Co.*, 753 F.2d 444, 449-50 (5th Cir. 1985).  Defendants have not disputed service under Fed. R. Civ. P. 12(b)(5), because, as attested to this Court, Defendants' Counsel agreed to accept service. See ECF No. 9, ¶¶ 6-7.

2

**B. Fisher's Plan for Future Bar Admissions and the Ongoing Harm Caused by Defendants**

Regardless of whether Dean Nowlin's retaliatory report to the Law Examiners will be TTU's last act against Fisher (it will not be), her application for admission to the Texas bar is an ongoing process. Fisher is currently scheduled to sit for the Texas bar exam. Affidavit of Ellen Mae Fisher, ¶¶ 3, 6, Exhibit W, FA at 312-313. She will also be required to pass through a fitness and character investigation and eventual hearing, which has yet to schedule, a process still ongoing. See ECF No. 4-1, FA at 199-207, 209-291; Affidavit of Ellen Mae Fisher, ¶ 6, FA at 313. For example, the Law Examiners bear the burden of proof on any fitness determination at an eventual hearing, and may call Defendant Nowlin as a witness. See e.g. Rule 4(e), 10(a, c), 15, FA at 216, 222, 233. At this stage, the Law Examiners have yet to consider the "reprimand."

Fisher also intends to apply to the federal bar of the District of Columbia. Affidavit of Ellen Mae Fisher, ¶ 9-13, FA at 313. The District of Columbia Court of Appeals specifies that Fisher's "fitness and character" will also be scrutinized, including any "academic disciplinary action" of her law school, college, or university. Id., ¶ 12 and Exhibit 1. Fisher will be forced to report the "reprimand" illegally issued by Dean Nowlin to the District of Columbia. Id., ¶ 13.

Fisher is a California resident. Ever since her 1L year of law school, she has planned to return to California at some point to practice law in the jurisdiction where she grew up. Id., ¶¶ 14-22, FA at 314-3 and 15. This will require a new application, including a separate bar exam because California does not accept the Universal Bar Exam (UBE) (as does Texas and the District of Columbia). Id., ¶ 15. Fisher has already pursued career options in California. Id., ¶ 19.

As do the Law Examiners and the District of Columbia Court of Appeals, California requires applicants to submit a "disciplinary history." Id., ¶¶ 20-21 and Exhibit 2. If Fisher "ha[s] been found to have violated a college, university, or law school honor code … or otherwise ha[s]

been subjected to discipline by any such institution … [she] must disclose the incident on the [California] moral character application." Id. and Exhibit 2 at 6 Exhibit 2, FA at 327. It is therefore Fisher's understanding that she will be forced to report the "reprimand" issued by Dean Nowlin. Id., ¶ 22, FA at 315.

Fisher has also considered applying to the bar of other states and has explored this possibility even before her law-school graduation. Id., ¶¶ 23-27. This includes exploring, in August 2025, positions with the Colorado Public Defender's Office. Id., ¶ 24. She has also explored opportunities in King County, Washington (Seattle) and in New Mexico. Id., ¶ 25. It is Fisher's understanding that she will be required to declare or report the "reprimand" in these jurisdictions just as it is required in Washington, D.C., Texas, and California. Id., ¶ 26.

Thus, Defendants illegal and retaliatory reprimand casts a long shadow over Fisher's legal career wherever she goes.

### C. Procedural Posture

It is difficult to say how this Court or Fisher could have moved more quickly to protect her speech. This Court issued its Order on Fisher's Motion for Temporary Restraining Order and Preliminary Injunction on May 12, 2026. ECF No. 27. This was exactly a month after Fisher filed suit and only two months after the TTU Honor Council report (March 11, 2026).

Had Fisher filed before learning of the Honor Council's Report, she risked dismissal on the basis that she suffered no "adverse action." FA at 145; see e.g., *Reitz v. Woods*, 85 F.4th 780, 789 (5th Cir. 2023) (holding, student plaintiff's "claim falls short: he cannot establish … injury that would chill a person of ordinary firmness from continuing to engage in his speech or that his speech was curtailed") (internal quotation omitted). An overly hasty filing risked wasting this Court's judicial resources.

Nevertheless, Fisher proved too tardy. The Court ruled that Defendants' retaliatory reprimand and report to the Law Examiners was a "past disciplinary action against Fisher [that] is 'quintessentially retrospective.'" ECF No.27 at page ID 881 (quoting *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 473 (5th Cir. 2020)).

Fisher's first requested injunctive relief to halt TTU's disciplinary action. Id. at Page ID 879; ECF No. 3 at Page ID 70 (Prayer for Relief, ii-iii). However, TTU's haste to reprimand Fisher for protected speech and destroy her career with the Law Examiners rendered this nugatory, as Fisher acknowledged to the Court. Id. at Page ID 880.

As the facts changed under her feet, Fisher requested an Order "requiring Defendants to annul their disciplinary action against Fisher and inform the [Law Examiners] that any and all disciplinary outcomes against Fisher are officially retracted pending trial." Id.

The Court found this "essentially retrospective," given Defendants' allegedly completed disciplinary action against her, which was "thus out of bounds under [*Ex parte*] *Young*[, 209 U.S. 123, 155–56 (1908)]"; and "[i]n sum, *Ex parte Young's* narrow doorway is locked to Fisher as to these requests."  ECF No. 27 at Page ID 881-882. This Court left open the potential for injunctive relief, should Defendants "take future action (like suspending Fisher or preventing her from graduating)." Id. at Page ID 884.

This Court distinguished suspension (which it found could be an ongoing violation) from Fisher's reprimand (which it found not to be an ongoing violation). Id. at Page ID 882-83. The Court correctly noted that injunctive relief sought under Title IX (or similar civil rights statutes imposed upon recipients of federal funding) are more analogous to contract claims than constitutional or civil rights torts under 42 USC §1983. Id. at Page ID 883. Therefore, the Court

5

held that injunctive relief ordered in such cases was inapposite. Id. Cf. *Doe v. Tex. Christian Univ.*, 601 F. Supp. 3d 78, 96 (N.D. Tex. 2022) (O'Connor, J.).

This Court also invoked *Shah v. University of Texas Southwestern Medical School*, 129 F. Supp. 3d 480 (N.D. Tex. 2015) (Fitzwater, J.). ECF No.27 at Page ID 883. Although *Shah* made clear that expungement of a student disciplinary record is appropriate prospective relief, the court found this too inapplicable.[3] ECF No. 8 at Page ID 883. See *Shah*, 129 F. Supp. 3d at 496-497 (citing *Shepard v. Irving*, 77 Fed. Appx. 615, 620 (4th Cir. 2003).

The Court otherwise concluded, "This does not mean that Fisher has no case. Under section 1983, she may still seek monetary damages against the individual defendants." ECF No. 27 at Page ID 884.

## II.   ARGUMENT

Fisher is entitled to appeal this Court's order under 28 USCS § 1292(a)(1).  See e.g., *Roberts v. St. Regis Paper Co.*, 653 F.2d 166, 169 (5th Cir. 1981) (noting, "§ 1292(a)(1) … provides that an appeal may be taken from an interlocutory order that … refuses or dissolves… an injunction"). The thirty-day deadline to submit Fisher's Notice of Appeal under FRAP 4(a)(1)(A) is therefore June 11, 2026. To perfect her appeal, Fisher is required to request entry of a preliminary injunction pending appeal.  See Fed. R. App. P. 8(a)(1)(C).

For the reasons stated below, Fisher therefore respectfully requests a preliminary injunction so that Fisher may preserve the last uncontested *status quo* while the Fifth Circuit Court of Appeals decides this issue on her appeal as of right.

---

[3] The plaintiff medical student in *Shah* was found not to have a viable constitutional claim (due process under the Fourteenth Amendment/42 USC § 1983), but the court properly reached the jurisdictional issue first, as did this Court in its decision concerning Fisher. *Shah*, 129 F. Supp. 3d at 507.

### A. The Fifth Circuit Has Long Established Annulment/Expungement of Reprimands as Prospective Relief

The Fifth Circuit Court of Appeals has already addressed the issue of whether the expungement of a reprimand may constitute prospective relief in First Amendment cases under *Ex parte Young*. *Scott v. Flowers*, 910 F.2d 201 (5th Cir. 1990); see also *Tex White v. State*, No. 4:23-CV-925-P, 2023 U.S. Dist. LEXIS 209443, at *14 (N.D. Tex. Oct. 25, 2023) (citing *Flowers* as good law, for proposition "injunctive relief sought [expungement of portion of written reprimand] … can be obtained from … defendants … in their official capacity").

In *Flowers*, the Texas Commission on Judicial Conduct reprimanded the plaintiff, a justice of the peace, after he wrote a public letter critical of a county judicial system. The justice of the peace brought suit under § 1983 claiming he had been disciplined for constitutionally protected speech. This was pre-*Garcetti v. Ceballos*, 547 U.S. 410, 126 S. Ct. 1951, 164 L.Ed.2d 689 (2006), and was decided under *Pickering v. Bd. of Educ.*, 391 U.S. 563, 88 S. Ct. 1731, 20 L.Ed.2d 811 (1968) (as Defendants urge this Court to apply to Fisher). *Flowers*, 910 F.2d at 210.

Although *Flowers* does not say exactly when the plaintiff filed suit, the commission formally reprimanded him on March 19, 1984, and he sued that month, presumably directly thereafter. Id. at 204. The District Court entered summary judgment for the state defendants, but six years later, the Fifth Circuit reversed, finding "the Commission could not constitutionally reprimand [Justice of the Peace] Scott for making public statements critical of the court-at-law and the district attorney's office, and … remand[ing] so that the district court may direct the Commission to **expunge the third paragraph of the reprimand**." Id. at 213 (emphasis added).

Clearly, expunging a reprimand, where the reprimand already issued fully six years earlier as it did in *Flowers*, is within the jurisdiction of this Court. See also *Flint v. Dennison*,

488 F.3d 816 (9th Cir. 2007) (holding student's injunctive relief clearing school record of past violations was prospective)); *Williams v. Kentucky*, 24 F.3d 1526 (6th Cir. 1994) (expungement of all references relating to demotion was prospective); *Malkan v. Mutua*, No. 12-CV-236-A, 2012 U.S. Dist. LEXIS 143311, *20 (W.D.N.Y. Oct. 3, 2012) (reinstatement and expungement of personnel file "of **any** wrongful disciplinary actions" permitted under *Ex parte Young*) (emphasis added) (citing *Elliott v. Hinds*, 786 F.2d 298 (7th Cir.1986) (finding a former state employee's request that personnel file be cleared of derogatory material is purely prospective injunctive relief).

## B. Undersigned Counsel Can Identify No Distinction between Employment and Educational Cases with Regard to Expungement of Illegal Disciplinary Records

Undersigned counsel has been unable to identify cases that meaningfully distinguish the expungement of past disciplinary actions in employment and educational cases. See, e.g., *Heilrayne v. Univ. of Tex.*, No. 1:25-cv-640-DAE, 2026 U.S. Dist. LEXIS 47701, at *5-*6 (W.D. Tex. Jan. 27, 2026) ("Court … finds that although Plaintiffs … have graduated and [one] Plaintiff['s] … probation period has ended, their requests to amend their disciplinary records constitutes prospective relief appropriate under *Ex parte Young*") (citing *Van Overdam v. Texas A&M Univ.*, 43 F.4th 522 (5th Cir. 2022)); *Zeng v. Tex. Tech Univ. Health Sci. Ctr. at El Paso*, No. EP-19-CV-99-KC, 2020 U.S. Dist. LEXIS 40734, at *17 (W.D. Tex. Mar. 4, 2020) (holding, research associate's "injunctive claims—including expungement of his personnel file and a prohibition on allegedly defamatory or stigmatizing statements about the Plaintiff—are properly characterized as prospective) (citing *Shah*, 129 F. Supp. 3d at 496-97); *Daniels v. Tex. DOT*, No. 4:15-CV-00702-CAN, 2016 U.S. Dist. LEXIS 166407 (E.D. Tex. Dec. 2, 2016) (employee case under Americans with Disabilities Act, inter alia, finding "request for expungement [of disciplinary records] is prospective in effect") (collecting cases).  Compare *Matos v. Clinton Sch.*

8

*Dist.*, 367 F.3d 68 (1st Cir. 2004) (denying PI to purge student disciplinary records but indicating student could not show future harm, unlike Fisher here); *Shepard v. Irving,* 77 F. App'x 615, 496-497 (4th Cir. 2003) (holding that *Ex parte Young* exception applied to student seeking to expunge already entered "F" grade and plagiarism conviction, which "would constitute a continuing injury to the plaintiff," "expungement would relate to an ongoing violation of federal law[,] and the relief granted would be prospective in nature"); *Malkan v. Mutua*, 2012 U.S. Dist. LEXIS 143311, 2012 WL 4722688, at *7 (W.D.N.Y. Oct. 3, 2012) (holding expungement of professor's personnel file of any wrongful disciplinary actions permitted under *Ex parte Young* because "existence of derogatory information in the plaintiff's personnel file, if found to be the result of a violation of due process, would be an ongoing violation of federal law")).

A student, on the cusp of her career, is in no way less vulnerable or less entitled to relief than an employee. Where an employee may be disciplined but retains his or her credentials and may simply switch jobs, Fisher will be barred from the practice of law if she cannot gain admission to the bar, be it in Texas or in other jurisdictions (e.g., California or the District of Columbia). Compare *Morgan v. Bd. of Prof'l Responsibility of the Supreme Court of Tenn.*, 63 F.4th 510, 515-18 (6th Cir. 2023) (finding jurisdiction over expungement is proper prospective relief where lawyer faced bar discipline *despite* original bar discipline case being dismissed against him, enabling him to continue his professional career as attorney) and *Jones v. Bd. of Governors of Univ. of N.C.*, 704 F.2d 713, 715-716 (4th Cir. 1983) (issuing "preliminary injunction [reinstating student] in the unique context of academic disciplinary procedures" under § 1983 and noting, any the plaintiff would be forced to explain the "gap in her education … throughout her professional life").

9

For this reason, the Court should issue a preliminary injunction pending appeal so that Fisher can raise this issue with the Fifth Circuit.

### C. *Green Valley* Also Indicates an Injunction Is Warranted

This Court relied upon *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 473 (5th Cir. 2020) for the principle that "injunctions that are packaged as prospective relief but require 'the voiding of a final state' official's action are 'quintessentially retrospective and thus out of bounds under *Young*.'" ECF No. 27 at Page ID 881.

*Green Valley* concerned vendors' disputes with each other as well as with the Texas Public Utility Commission over certifying territory for water and sewer service, not the unique nature of public education. *Green Valley*, 969 F.3d at 465. Disciplinary records were not at issue.

Concerning injunctive relief under *Ex parte Young*, *Green Valley* held: "Often, the line between the permissible and the forbidden is fuzzy. 'In discerning on which side of th[at] line a particular case falls, we look to the substance rather than to the form of the relief sought and will be guided by the policies underlying . . . *Young*.'" Id., 471 (quoting *Papasan v. Allain*, 478 U.S. 265, 279, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). And "[a]s long as the claim seeks prospective relief for ongoing harm, the fact that a current violation can be traced to a past action does not bar relief under . . . *Young*." Id., 471-472 (quoting *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 738 (5th Cir. 2020)). Here, the harm is Defendants' continuing effort to ruin Fisher's ability to gain admission to any bar she applies to, where the bar admissions process is undisputedly ongoing.

Importantly, *Green Valley* draws the line between permissible prospective relief and impermissible retrospective relief. The *Green Valley* plaintiff sought to undo the effects of a utility commission's past order. The agency had decertified portions of the plaintiff's service territory in order to swap in another service provider. The court held that this was prospective

10

relief where the utility commission could be prohibited from continuing implementation of its illegal order, but not where the utility commission had already completed implementing that self-same order. Id. at 473.

Here, Defendants' report out to the Law Examiners may be corrected as an ongoing harm because Defendants' illegal, unconstitutional reprimand remains in Fisher's Law Examiners' application, which will not be decided for months, unless corrected. This constitutes ongoing injury to Fisher's constitutional rights, not a completed action. Furthermore, as *Green Valley* also emphasized, the injunction Fisher seeks would not "require[e] any money to be taken from the state's coffers."  Id. at 473.

Further, Defendants' "reprimand" is not analogous to the utility commission's "order decertifying" territory for water and sewer service in *Green Valley*.  Id. at 472. For one, here, TTU orders nothing. All the student reprimand can ever do is establish a disciplinary record with the express and only purpose of casting a shadow over Fisher's future career. To that end, Defendants reported out the "reprimand" to the Law Examiners as quickly as possible, but this merely makes Defendants ongoing participants as witnesses in the Law Examiners' fitness and character certification process. That process has just begun; it is not concluded. In other words, rather than a completed government "order," Defendants seek enforcement of their reprimand through the Law Examiners' ongoing process. This is but one example of how the Defendants will continue to damage Fisher through unconstitutional state action. The "reprimand" will continue to haunt Fisher as she applies to the bar in other jurisdictions will.

Ordering state actors to undo past, affirmative actions that continue to cause harm against the Plaintiff, in particular in the educational context, is consistent with *Ex parte Young*.  See e.g., *Papish v. Bd. of Curators of Univ. of Mo.*, 410 U.S. 667, 93 S. Ct. 1197, 35 L.Ed.2d 618 (1973)

11

(ordering reinstatement and restoration of course credits for professional student in journalism school who published allegedly indecent material in article entitled, "Mother Fucker Acquitted").

Nor is Fisher's case comparable to *United States v. Abbott*, 85 F.4th 328, 336 (5th Cir. 2023), where the Governor's executive order could not be ***retrospectively*** enjoined. There, the Department of Public Safety "alone," not Governor Abbott, "will enforce the order in the future." Id. The private parties in that case did not join that separate agency. Here, by contrast, the official-capacity Defendants are directly involved as witnesses in the Law Examiners' evaluation of Fisher's fitness and character. In addition, they seek to ruin Fisher's reputation wherever she may apply.

Furthermore, just because Defendants dropped a "reprimand" in Fisher's student record, this does not distinguish her case from *Shah v. Univ. of Tex. Sw. Med. Sch.*, 129 F. Supp. 3d 480 (N.D. Tex. 2015). The plaintiff, Shah, likewise a professional student, albeit in medical school, "rel[ied] on a perceived threat that defendants may, upon a triggering event (such as [his] application to another school) release his transcript, which will reflect his current status"— i.e., not in "good standing." Id., at 491. For Shah, the damage was done by a record of academic dismissal; for Fisher it is a "reprimand." But for both Fisher and Shah, the school's adverse administrative action had already entered and was complete. Shah sought to have the decision declared invalid and also to prevent the university from reporting out the information, exactly as Fisher does here.  Id., at 489. The issue is not that a reprimand is distinguishable from academic dismissals or suspensions. The issue is that the *Shah* court found an adverse student record sufficed to show ongoing injury. Id. at 491. The court found this, ***despite*** the fact that the school had not even disclosed Shah's student record to third parties, unlike Dean Nowlin's rush to report Fisher to the Law Examiners. Id. at 491-492.

12

**D. Expungement of Disciplinary Records Is Clearly Established Prospective Remedy**

Although *Flowers* does not address the educational context, it is well established that the expungement of disciplinary records is a prospective remedy subject to federal jurisdiction under *Ex parte Young*. In *Flowers*, the Fifth Circuit simply joined other circuits in this regard.

For example, the Ninth Circuit in *Jensen v. Brown*, 131 F.4th 677 (9th Cir. 2025) addressed the First Amendment claim of a math professor at a community college. He received letters of reprimand, as well as adverse reviews, and he sought their "full expungement." Id. at 696. The court held, "expungement of records constitutes prospective relief and so is not barred by sovereign immunity." Id. (citing *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) (analogous student case)).

The court reversed a district court ruling, such as the one Fisher will appeal here, erroneously finding expungement of past disciplinary actions was retrospective rather than prospective relief. Id. "Although the negative performance evaluations and letters of reprimand arose from the Administrators' alleged past constitutional violations, *Ex parte Young* does not demand that the relief sought be unrelated to past violations. Rather, a plaintiff may pursue relief that 'would relate to [a] past violation,' so long as it 'would not amount to relief solely for the past violation.'" Id. at 697 (quoting *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 841 (9th Cir. 1997)).  See also *Burch v. Barker*, 861 F.2d 1149 (9th Cir. 1988) (reversing district court in prior restraint case where students distributed student-run newspaper on school grounds in violation of policy and sought injunctive and declaratory relief to expunge reprimands from student records).

The expungement of disciplinary records is thus well-established prospective relief.

### E. Expungement Specifically Protects against Unfair Prejudice in Bar Proceedings

*Morgan v. Bd. of Prof'l Responsibility of the Supreme Court of Tenn.*, 63 F.4th 510, 515-18 (6th Cir. 2023) exemplifies how expungement of past disciplinary records is appropriate to protect a plaintiff's reputation with a state bar overseer. In *Morgan,* an attorney's First Amendment claim failed (at the 12b stage without prejudice) against the Tennessee equivalent of Texas Law Examiners. Nevertheless, the court indicated that expungement remained a proper prospective remedy, and even despite the underlying disciplinary action being dismissed against the plaintiff.

Relevant here, the Sixth Circuit reversed the lower court's finding that it had no jurisdiction under *Ex parte Young*. Id. at 516. Even after the Tennessee Board of Professional Responsibility dismissed its claims, the plaintiff posited that he would be "harmed by the Board's continued maintenance of disciplinary records against him and other records. "Id.  The court held: "expungement of negative government records pertaining to an aggrieved individual may qualify as prospective relief to remedy a constitutional violation." Id.

Although not strictly an education case, the Sixth Circuit relied upon student cases drawn from the educational context. Id.at 516-517.  See *Doe v. Cummins*, 662 F. App'x 437, 441-442, 444 (6th Cir. 2016) (University of Cincinnati students, one sanctioned with nothing more than "disciplinary probation" and the requirement to write a "research paper"; another suspended for three years but who meanwhile transferred to another educational institution; could request injunctive relief "prohibiting the imposition of, or reporting of, any disciplinary action against the [University] Code of Student Conduct"); *Doe v. Purdue* Univ., 928 F.3d 652, 666 (7th Cir. 2019) (finding injunction requiring officials to expunge a finding of guilt from a student's disciplinary record was not precluded by the Eleventh Amendment).

14

**F. Expungement of Lesser Sanctions Than "Reprimand" Qualify for Prospective Relief**

Likewise, the Fourth Circuit, in *Shepard v. Irving*, 77 F. App'x 615, 620 (4th Cir. 2003) found that an "F" grade and a plagiarism conviction, which were already an administrative fact by the time the student sued, "constitute[d] a continuing injury to the plaintiff" and an action to remove them was 'prospective in nature.'" Id.[4]

Simply getting an "F" in one class, however grave the follow-on implications, is milder than having the Dean of a major Texas Law School leap over his own shadow to bar Fisher's practice of law. See also *Doe v. Citadel*, No. 2:21-cv-04198-DCN, 2022 U.S. Dist. LEXIS 127707, at *8 (D.S.C. July 18, 2022) (holding "here, Doe is seeking reinstatement and expungement of his academic record, among other injunctive relief, which numerous courts have characterized as requests for prospective relief and thus not barred by the Eleventh Amendment") (citing *Shepard* and *Hall v. Med. Coll. of Ohio at Toledo*, 742 F.2d 299, 307 (6th Cir. 1984)); *Jones v. Bd. of Governors of Univ. of N.C.*, 704 F.2d 713, 716 (4th Cir. 1983) (affirming preliminary injunction granted to professional nursing student on due process grounds where students was found guilty of "academic dishonesty" and sanctioned with disciplinary probation for one semester; and finding prospective relief appropriate, inter alia, because "she will be forced to explain [the discipline] throughout her professional life"); *Monteleone v. Univ. of Ariz. Dean of Student's Office*, No. CV-20-00189-TUC-JAS (MSA), 2021 U.S. Dist. LEXIS 5738 (D. Ariz. Jan. 11, 2021), *R&R adopted*, 2021 U.S. Dist. LEXIS 24823 (D. Ariz., Feb. 8, 2021) (finding "at least two appropriate requests for prospective injunctive relief … that [1] he

---

[4] *Shepard v. Irving*, 77 F. App'x 615, 620 (4th Cir. 2003) addressed claims under Title II of the Americans with Disabilities Act that satisfied requirements of *Ex parte Young*.

15

be reinstated as a student in good standing and that [2] his disciplinary record be expunged" but dismissing for failure to name proper official-capacity defendant).

In sum, Fisher's request for the annulment of her reprimand and its retraction falls well within the scope of prospective relief that is well established as proper under *Ex parte Young*. Nor is there any meaningful difference between requesting "annulment" and "expungement." The courts "look to the substance rather than to the form of the relief sought and will be guided by the policies underlying . . . *Young*.'" *Green Valley*, 969 F.3d at 471.

### G. The Court's Decision Deprives Fisher and Any Similarly Situated Plaintiff of Remedy

Only two months separated the Honor Council's recommendation of a "reprimand" and this Court's denial of jurisdiction over Fisher's Motion for preliminary injunction under *Ex parte Young*. No sooner did Fisher bring suit, than Defendants manufactured new facts and declared the reprimand an accomplished deed. By holding that this locks the door to *Young*, and by distinguishing reprimands from other varieties of student discipline, this Court creates new law that will deprive any plaintiff of injunctive relief wherever a school can print reprimands faster than a court can issue orders. Given the 35-day timeline of any briefing schedule in this District, defendants can easily repeat this trick by reporting their reprimand to any new jurisdiction Fisher may identify long before the Court can rule on any future motion seeking relief.

This fashions a campus administrator's "get away free card."

Reprimands have repeatedly been identified as "adverse actions" worthy of constitutional scrutiny.  See e.g., *Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 221 (5th Cir. 1999) (reversing summary judgment against teachers because, inter alia, "we have repeatedly held that reprimands and demotions constitute adverse employment decisions"). Although this Court appears to be the first among the District Court's in the Fifth Circuit to address whether a student

reprimand is an adverse action and what effect it has on student speech, other federal courts have addressed student reprimands as adverse actions. See e.g. *Burch v. Barker*, 861 F.2d 1149 (9th Cir. 1988) (addressing expungement of reprimands from student records); *Bhattacharya v. Murray*, 515 F. Supp. 3d 436, 456-57 (W.D. Va. 2021) ("Because a student would be reluctant to express his views if he knew that his school would reprimand, suspend, or ban him from campus for doing so, the Court concludes that [plaintiff] Bhattacharya has adequately alleged adverse action").

But importantly, First Amendment jurisprudence does not rest on distinctions between categories of campus discipline such as suspensions, expulsions, reprimands, probation, etc. The standard is whether the plaintiff shows "the defendant's actions would chill a person of ordinary firmness from engaging in expressive activities as well as an injury." *Brown v. Jones Cty. Junior Coll.*, 463 F. Supp. 3d 742, 760 (S.D. Miss. 2020) (citing *Keenan v. Tejeda*, 290 F.3d 252, 259 (5th Cir. 2002) ("Decisions of this and other circuits have found that various concrete intimidating tactics would have deterred ordinary persons from criticizing government officials"). This standard is clearly satisfied by Fisher's "reprimand" in this case. No law student can speak freely on matters of public concern at TTU if it risks offending the administration. Defendants now operate the School of Law like a third-grade playground, in the words of Patrick Metze, by harassing students with investigations and reprimands, followed by swift reports to the Texas Board of Law Examiners—at least when a black student says something they do not like. FA at 167, Affidavit of Patrick Metze, ¶ 4.

The Court's Order has the practical effect of placing the campus reprimand beyond the reach of injunctive relief. This sets up the reprimand as the discipline of choice to suppress free speech with impunity.

17

### III.    CONCLUSION

For the foregoing reasons, this Court should enter a Preliminary Injunction pending Fisher's appeal of its May 12, 2026 Order (ECF No. 27) denying jurisdiction under *Ex parte Young,* 209 U.S. 123 (1908) and ordering the expungement, annulment, and retraction of Defendants' disciplinary action against Fisher, including but not limited to notification of this expungement and retraction to the Texas Board of Law Examiners, and forbidding Defendants from reporting the reprimand to any third party.

Respectfully submitted,

Michael Thad Allen (435762)
ALLEN HARRIS PLLC
PO Box 404
Quaker Hill, CT 06375
(860) 772-4738
mallen@allenharrislaw.com

Mark T. Mansfield
Local Counsel for Ellie Fisher
Mansfield & Mansfield, P.C.
1550 Norwood Dr.
Suite 107
Hurst, Texas 76054 817-282-3450
mark@mansfieldpc.com

### CERTIFICATE OF CONFERENCE

I, undersigned counsel, hereby certify in compliance with N.D.Tex. L.R. 7.1(h) that on May 19, 2026, I emailed counsel who has appeared on behalf of all Defendants (excluding the new defendants William Keffer and the Texas Tech University System Board of Regents), Texas Assistant Attorney General, Deputy Chief Special Litigation Division, Wade Johnson, requesting to meet and confer and asking whether his clients would consent or oppose the foregoing motion. I received a response that same day

that Defendants **_oppose_** this motion, stating the following: "We oppose a renewed motion for preliminary injunction."

/s/Michael Thad Allen

Michael Thad Allen, Esq.

19