ELLEN MAE FISHER,

        Plaintiff

vs.

TEXAS TECH UNIVERSITY
REGENTS et al.,

        Defendants.

Civil Case No. 5:26-CV-00073-X

**PLAINTIFF ELLIE MAE FISHER'S 2d SUPPLEMENTAL RECORD APPENDIX**

1. **Exhibit U**, Email of Attorney Michael Thad Allen to Attorney Ronny Wall, dated April 8, 2026, and Attorney wall's response of April 9, 2026 (attachment not included).

2. **Exhibit V**, Email of Attorney Michael Thad Allen to Attorney Ronny Wall, dated April 13, 2026, 1:3 2 PM Eastern Time, attaching Plaintiff's 1) Amended Complaint, 2) Emergency Motion for Temporary Restraining Order, 3) Record Appendix, and 4) Civil Action Cover Sheet (attachments not included).

3. **Exhibit W**, Unofficial Transcript of Ellen Mae Fisher from Texas Tech University School of Law, showing Spring 2026 Law grades, including Spring 2026 grades of "A" in Clinic Support Course: Criminal Defense Clinic and Criminal Defense Clinic Prt II.

4. **Exhibit X**, Affidavit of Ellen Mae Fisher, also authenticating Exhibit 1 ("How to Apply for the July 2026 Uniform Bar Exam" provided by the District of Columbia Court of Appeals ) and Exhibit 2 (State Bar of California, Office of Admissions Captioned "Frequently Asked Questions: Moral Character Determinations").

# EXHIBIT U

**Michael Allen**

| | |
|---|---|
| **From:** | Wall, Ronny <Ronny.Wall@ttu.edu> |
| **Sent:** | Thursday, April 9, 2026 6:42 PM |
| **To:** | Michael Allen |
| **Cc:** | Tiffany Lawson; Bentley, Eric; Mellinger, Victor |
| **Subject:** | RE: Honor Council Decision concerning Ellie Mae Fisher |

Mr. Allen,

We have referred this matter to the Texas Attorney General as they represent the University in all legal matters. You should hear from an Assistant AG and they will let you know how they want to proceed with regard to service.

Sincerely,
Ronny H. Wall
Managing Attorney
Executive Director for Public Information
Texas Tech University System
(806) 742-2155

This communication, including any attachments, originates from an Attorney and may contain confidential information and is intended only for the individual or entity to whom it is addressed. Any review, dissemination, or copying of this communication by anyone other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail, delete and destroy all copies of the original message.

**Required IRS Circular 230 Disclosure**: Any U.S. tax advice contained in the body of this e-mail (including any attachments) is not intended or written to be used, and cannot be used, by the recipient for the purpose of (1) avoiding penalties that may be imposed under the Internal Revenue Code or applicable state or local tax law provisions or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Michael Allen <mallen@allenharrislaw.com>
**Sent:** Wednesday, April 8, 2026 9:57 AM
**To:** Wall, Ronny <Ronny.Wall@ttu.edu>
**Cc:** Tiffany Lawson <tlawson@allenharrislaw.com>
**Subject:** FW: Honor Council Decision concerning Ellie Mae Fisher

You don't often get email from mallen@allenharrislaw.com. Learn why this is important

This email originated outside TTU. Please exercise caution!

Dear Attorney Wall,

1

I believe you recall that we have met at the Honor Council hearing held to discipline and punish my client, Texas Tech School of Law third-year law student, Ellie Mae Fisher, who stood accused, so far as I can tell from the notifications and the decision of the Honor Council, of saying things that hurt other students, or more properly, the Director Terri Morgeson's (of the Family Law clinic) subjective feelings. Since you are an attorney, I assume you recognize that this entire process is a farce that it is now time to bring to a conclusion. The above attached complaint will be filed this week if the process is not brought to an end by expunging Fisher's record. She has done nothing other than express her opinions freely on a matter of public concern, no differently than any other Texas Tech student that day or, indeed, it's professoriat, including the allegedly emotionally fragile Morgeson.

Because we will also be filing a motion for a temporary restraining order and preliminary injunction, I am also writing in compliance with the Northern District of Texas Local Rule CV-7(g). I am writing to confer in the hopes that this will not be necessary. Please let me know by no later than Friday if Texas Tech intends to proceed with the discipline and punishment of Ms. Fisher for the exercise of her First Amendment rights or whether the disciplinary process will cease immediately. However, if we cannot work this out in such a way that expunges the process and disciplinary matter from her record, please let me know.

In addition, may I request that you inform me whether you are willing to accept service on behalf of the institutional and individual Defendants, in the event that we are not able to reconcile the parties' differences?

Thank you and sincerely,

Mike Allen

**Michael Thad Allen, J.D., Ph.D.**
**ALLEN HARRIS PLLC**
mallen@allenharrislaw.com | Connecticut Office | PO Box 404 | Quaker Hill, CT 06375 www.allenharrislaw.com | Tel: (610) 634-8258 | Fax: (860) 481-7899

---

**From:** Spain, Larry <Larry.Spain@ttu.edu>
**Sent:** Wednesday, March 11, 2026 4:22 PM
**To:** Fisher, Ellie <Ellie.Fisher@ttu.edu>
**Cc:** Nowlin, Jack <Jack.Nowlin@ttu.edu>; Chapman, Sofia <Sofia.Chapman@ttu.edu>; Green, Jawana <Jawana.Green@ttu.edu>; Michael Allen <mallen@allenharrislaw.com>
**Subject:** Honor Council Decision

Please see attached for a decision of the Honor Council in your case.

Professor Larry R. Spain
Alvin R. Allison Professor of Law
*Texas Tech University School of Law*
3311 18th Street
Lubbock, TX 79409-0004
(806) 834-6649
(806) 742-4199 FAX
larry.spain@ttu.edu

2

# EXHIBIT V

Fisher Appendix: 0304

## Michael Allen

| | |
|---|---|
| **From:** | Michael Allen |
| **Sent:** | Monday, April 13, 2026 1:32 PM |
| **To:** | Wall, Ronny |
| **Cc:** | Tiffany Lawson; Bentley, Eric; Mellinger, Victor |
| **Subject:** | RE: Honor Council Decision concerning Ellie Mae Fisher |
| **Attachments:** | 2026-04-12 [5] Civil Action Coversheet.pdf; 2026-04-12 [4.1] Record Appendix.pdf; 2026-04-12 [4] Motion for Temporary Restraining Order and Preliminary Injunction.pdf; 2026-04-12 [3] Amended Complaint.pdf |

Dear Attorney Wall,

We send the attached documents to you for service under cap rule 65(b) as follows:

        1 ) Amended Complaint
        2) Emergency Motion for Temporary Restraining Order
        3) Record Appendix
        4) Civil Action Cover Sheet

I will also be sending a copy of these papers by First Class U.S. Mail, return receipt requested, to

        Office of the Attorney General
        PO Box 12548
        Austin, TX 78711-2548

I will also be sending the same to the following address:

        Office of the President
        Texas Tech University
        115 Administration Building
        Box 42005
        Lubbock, Texas 79409-2005

I realize that you have said that you referred the matter to the Texas AG's office.  At this time, no one has reached out to me from that office.

Thank you for your attention to this matter, and please kindly confirm receipt of these papers.

**Michael Thad Allen, J.D., Ph.D.**
**ALLEN HARRIS PLLC**
mallen@allenharrislaw.com | Connecticut Office | PO Box 404 | Quaker Hill, CT 06375 www.allenharrislaw.com |
Tel: (610) 634-8258 | Fax: (860) 481-7899

---

**From:** Wall, Ronny <Ronny.Wall@ttu.edu>
**Sent:** Thursday, April 9, 2026 6:42 PM
**To:** Michael Allen <mallen@allenharrislaw.com>

1

Fisher Appendix: 0305

Cc: Tiffany Lawson <tlawson@allenharrislaw.com>; Bentley, Eric <Eric.Bentley@ttu.edu>; Mellinger, Victor <Victor.Mellinger@ttu.edu>
Subject: RE: Honor Council Decision concerning Ellie Mae Fisher

Mr. Allen,
We have referred this matter to the Texas Attorney General as they represent the University in all legal matters.  You should hear from an Assistant AG and they will let you know how they want to proceed with regard to service.


Sincerely,
Ronny H. Wall
Managing Attorney
Executive Director for Public Information
Texas Tech University System
(806) 742-2155


This communication, including any attachments, originates from an Attorney and may contain confidential information and is intended only for the individual or entity to whom it is addressed. Any review, dissemination, or copying of this communication by anyone other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail, delete and destroy all copies of the original message.


**Required IRS Circular 230 Disclosure**: Any U.S. tax advice contained in the body of this e-mail (including any attachments) is not intended or written to be used, and cannot be used, by the recipient for the purpose of (1) avoiding penalties that may be imposed under the Internal Revenue Code or applicable state or local tax law provisions or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

From: Michael Allen <mallen@allenharrislaw.com>
Sent: Wednesday, April 8, 2026 9:57 AM
To: Wall, Ronny <Ronny.Wall@ttu.edu>
Cc: Tiffany Lawson <tlawson@allenharrislaw.com>
Subject: FW: Honor Council Decision concerning Ellie Mae Fisher

You don't often get email from mallen@allenharrislaw.com. Learn why this is important
This email originated outside TTU. Please exercise caution!

Dear Attorney Wall,
I believe you recall that we have met at the Honor Council hearing held to discipline and punish my client, Texas Tech School of Law third-year law student, Ellie Mae Fisher, who stood accused, so far as I can tell from the notifications and the decision of the Honor Council, of saying things that hurt other students, or more properly, the Director Terri Morgeson's (of the Family Law clinic) subjective feelings. Since you are an attorney, I assume you recognize that this entire process is a farce that it is now time to bring to a conclusion. The above attached complaint will be filed this week if the process is not brought

2

Fisher Appendix: 0306

to an end by expunging Fisher's record. She has done nothing other than express her opinions freely on a matter of public concern, no differently than any other Texas Tech student that day or, indeed, it's professoriat, including the allegedly emotionally fragile Morgeson.

Because we will also be filing a motion for a temporary restraining order and preliminary injunction, I am also writing in compliance with the Northern District of Texas Local Rule CV-7(g). I am writing to confer in the hopes that this will not be necessary. Please let me know by no later than Friday if Texas Tech intends to proceed with the discipline and punishment of Ms. Fisher for the exercise of her First Amendment rights or whether the disciplinary process will cease immediately. However, if we cannot work this out in such a way that expunges the process and disciplinary matter from her record, please let me know.

In addition, may I request that you inform me whether you are willing to accept service on behalf of the institutional and individual Defendants, in the event that we are not able to reconcile the parties' differences?

Thank you and sincerely,

Mike Allen

**Michael Thad Allen, J.D., Ph.D.**
**ALLEN HARRIS PLLC**
mallen@allenharrislaw.com | Connecticut Office | PO Box 404 | Quaker Hill, CT 06375 www.allenharrislaw.com | Tel: (610) 634-8258 | Fax: (860) 481-7899

---

**From:** Spain, Larry <Larry.Spain@ttu.edu>
**Sent:** Wednesday, March 11, 2026 4:22 PM
**To:** Fisher, Ellie <Ellie.Fisher@ttu.edu>
**Cc:** Nowlin, Jack <Jack.Nowlin@ttu.edu>; Chapman, Sofia <Sofia.Chapman@ttu.edu>; Green, Jawana <Jawana.Green@ttu.edu>; Michael Allen <mallen@allenharrislaw.com>
**Subject:** Honor Council Decision

Please see attached for a decision of the Honor Council in your case.

Professor Larry R. Spain
Alvin R. Allison Professor of Law
*Texas Tech University School of Law*
3311 18th Street
Lubbock, TX  79409-0004
(806) 834-6649
(806) 742-4199 FAX
larry.spain@ttu.edu

# EXHIBIT W

# Texas Tech University

## Unofficial Academic Transcript

(i) This is not an official transcript. Courses which are in progress may also be included on this transcript.

## Transcript Data

### STUDENT INFORMATION

Name
Ms. Ellen M Fisher

Birth Date
REDACTED

**Current Program**

**Doctor of Jurisprudence**

Program
Law JD

College
School of Law

Major Concentration
Criminal Law and Innocence

Major and Department
Law, School of Law

### INSTITUTION CREDIT

**Term: Fall 2023 Law**

Major
Law

Academic Standing
Scholastic Probation

| Subject | Course | Level | Title | Grade | Credit Hours | Quality Points | Start and End R Dates |
|---|---|---|---|---|---|---|---|
| LAW | 5108 | LW | Intro. to the Study of Law | A | 1.000 | 4.000 | |
| LAW | 5306 | LW | Legal Practice I | C+ | 3.000 | 7.500 | |
| LAW | 5402 | LW | Contracts | C+ | 4.000 | 10.000 | |
| LAW | 5404 | LW | Torts | C+ | 4.000 | 10.000 | |
| LAW | 5405 | LW | Civil Procedure | D | 4.000 | 4.000 | |

| Term Totals (Law) | Attempt Hours | Passed Hours | Earned Hours | GPA Hours | Quality Points | GPA |
|---|---|---|---|---|---|---|
| Current Term | 16.000 | 16.000 | 16.000 | 16.000 | 35.500 | 2.218 |
| Cumulative | 16.000 | 16.000 | 16.000 | 16.000 | 35.500 | 2.218 |

**Term: Spring 2024 Law**

Major
Law

Academic Standing
Good Standing

Last Academic Standing
Good Standing

| Subject | Course | Level | Title | Grade | Credit Hours | Quality Points | Start and End R Dates |
|---|---|---|---|---|---|---|---|
| LAW | 5307 | LW | Legal Practice II | C+ | 3.000 | 7.500 | |
| LAW | 5310 | LW | Criminal Law | B | 3.000 | 9.000 | |
| LAW | 5401 | LW | Constitutional Law | C | 4.000 | 8.000 | |
| LAW | 5403 | LW | Property | B | 4.000 | 12.000 | |

| Term Totals (Law) | Attempt Hours | Passed Hours | Earned Hours | GPA Hours | Quality Points | GPA |
|---|---|---|---|---|---|---|
| Current Term | 14.000 | 14.000 | 14.000 | 14.000 | 36.500 | 2.607 |
| Cumulative | 30.000 | 30.000 | 30.000 | 30.000 | 72.000 | 2.400 |

**Term: Fall 2024 Law**

Major
Law

| Subject | Course | Level | Title | Grade | Credit Hours | Quality Points | Start and End R Dates |
|---|---|---|---|---|---|---|---|
| LAW | 6021 | LW | Federal Criminal Law | B | 2.000 | 6.000 | |
| LAW | 6224 | LW | Mental Disability Law | B+ | 2.000 | 7.000 | |
| LAW | 6334 | LW | Legal Analysis | B | 3.000 | 9.000 | |
| LAW | 6339 | LW | Criminal Procedure | B+ | 3.000 | 10.500 | |
| LAW | 6416 | LW | Evidence | C+ | 4.000 | 10.000 | |

| Term Totals (Law) | Attempt Hours | Passed Hours | Earned Hours | GPA Hours | Quality Points | GPA |
|---|---|---|---|---|---|---|
| Current Term | 14.000 | 14.000 | 14.000 | 14.000 | 42.500 | 3.035 |
| Cumulative | 44.000 | 44.000 | 44.000 | 44.000 | 114.500 | 2.602 |

**Term: Spring 2025 Law**
Major

Fisher Appendix: 0309

| Subject | Course | Level | Title | Grade | Credit Hours | Quality Points | Start and End R Dates |
|---------|--------|-------|-------|-------|--------------|----------------|----------------------|
| LAW | 6251 | LW | Death Penalty Seminar | A | 2.000 | 8.000 | |
| LAW | 6310 | LW | Texas Criminal Procedure | B | 3.000 | 9.000 | |
| LAW | 6357 | LW | Professional Responsibility | C+ | 3.000 | 7.500 | |
| LAW | 6420 | LW | Commercial Law | B | 4.000 | 12.000 | |
| LAW | 6435 | LW | Business Entities | C+ | 4.000 | 10.000 | |

| Term Totals (Law) | Attempt Hours | Passed Hours | Earned Hours | GPA Hours | Quality Points | GPA |
|-------------------|---------------|--------------|--------------|-----------|----------------|-----|
| Current Term | 16.000 | 16.000 | 16.000 | 16.000 | 46.500 | 2.906 |
| Cumulative | 60.000 | 60.000 | 60.000 | 60.000 | 161.000 | 2.683 |

## Term: Fall 2025 Law

Major
**Law**

| Subject | Course | Level | Title | Grade | Credit Hours | Quality Points | Start and End R Dates |
|---------|--------|-------|-------|-------|--------------|----------------|----------------------|
| LAW | 6074 | LW | Race and Racism | B+ | 3.000 | 10.500 | |
| LAW | 6219 | LW | Clinic Support Course: Criminal Defense Clinic | A | 2.000 | 8.000 | |
| LAW | 6262 | LW | Criminal Practice Skills | B+ | 2.000 | 7.000 | |
| LAW | 6415 | LW | Wills and Trusts | C | 4.000 | 8.000 | |
| LAW | 7405 | LW | Criminal Defense Clinic Part I | A | 4.000 | 16.000 | |

| Term Totals (Law) | Attempt Hours | Passed Hours | Earned Hours | GPA Hours | Quality Points | GPA |
|-------------------|---------------|--------------|--------------|-----------|----------------|-----|
| Current Term | 15.000 | 15.000 | 15.000 | 15.000 | 49.500 | 3.300 |
| Cumulative | 75.000 | 75.000 | 75.000 | 75.000 | 210.500 | 2.806 |

## Term: Spring 2026 Law

Major
**Law**

| Subject | Course | Level | Title | Grade | Credit Hours | Quality Points | Start and End R Dates |
|---------|--------|-------|-------|-------|--------------|----------------|----------------------|
| LAW | 6219 | LW | Clinic Support Course: Criminal Defense Clinic | A | 2.000 | 8.000 | |
| LAW | 6333 | LW | Advanced Legal Analysis | C | 3.000 | 6.000 | |
| LAW | 6343 | LW | Federal Indian Law | B+ | 3.000 | 10.500 | |
| LAW | 7406 | LW | Criminal Defense Clinic Prt II | A | 4.000 | 16.000 | |

| Term Totals (Law) | Attempt Hours | Passed Hours | Earned Hours | GPA Hours | Quality Points | GPA |
|-------------------|---------------|--------------|--------------|-----------|----------------|-----|
| Current Term | 12.000 | 12.000 | 12.000 | 12.000 | 40.500 | 3.375 |
| Cumulative | 87.000 | 87.000 | 87.000 | 87.000 | 251.000 | 2.885 |

## TRANSCRIPT TOTALS

Level Comments
Rank 146 out of 155 as of 01/03/2024 Rank 141 out of 150 as of 05/23/2024 Rank 132 out of 142 as of 01/06/2025 Rank 131 out of 142 as of 05/28/2025 Rank 130 out of 142 as of 01/06/2026

| Transcript Totals (Law) | Attempt Hours | Passed Hours | Earned Hours | GPA Hours | Quality Points | GPA |
|-------------------------|---------------|--------------|--------------|-----------|----------------|-----|
| Total Institution | 87.000 | 87.000 | 87.000 | 87.000 | 251.000 | 2.885 |
| Total Transfer | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 |

## COURSE(S) IN PROGRESS

### Term: Spring 2026 Law

Major
**Law**

| Subject | Course | Campus | Level | Title | Credit Hours | Start and End Dates |
|---------|--------|--------|-------|-------|--------------|---------------------|
| LAW | 6434 | | LW | Income Taxation | 4.000 | |

Fisher Appendix: 0310

# EXHIBIT X

Fisher Appendix: 0304

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

LUBBOCK DIVISION

| | |
|---|---|
| ELLEN MAE FISHER,<br><br>    Plaintiff<br><br>      vs.<br><br>TEXAS TECH UNIVERSITY<br>REGENTS et al.,<br><br>    Defendants. | Civil Case No. 5:26-CV-00073-X |

**AFFIDAVIT OF ELLEN MAE FISHER**

I am over the age of 18 and understand the meaning of an oath.

1.      I am the Plaintiff in the above-caption case. I make all of the statements in this Affidavit based on my direct knowledge and experience.

2.      I am currently scheduled to get my JD degree from the University of Texas Tech school of Law, and my graduation class is 2026.

3.      This year I have applied to be admitted to the bar of the state of Texas. That process is still ongoing. I have yet to sit for the bar exam.

4.      As I understand it, I will be required to submit to a fitness and character hearing under the Guidance issued by the Texas Board of Law Examiners, June 28, 2024 (submitted to this Court as Exhibit Q in the Fisher Appendix, ECF No. 4-1 at 199-207) and the Rules Governing Admission to the Bar of Texas (submitted to this Court as Exhibit R in the Fisher Appendix, ECF No. at 209-291).

1

5. By way of example, Rule 15 indicates that the Texas Board of Law Examiners shall set a time and place for hearing on the question of the requisite moral character and fitness of an applicant.

6. That hearing and process has yet to take place.

7. In addition, since I entered law school, I intended and expressed my intent to gain admission in multiple jurisdictions.

8. I have always planned to take the Universal Bar Exam (UBE), which is administered in Texas, in addition to the California Bar Exam.

**FUTURE PLAN TO GAIN ADMISSION TO THE DISTRICT OF COLUMBIA BAR**

9. My career goal has always been to be a Federal Public Defender, and then to go home (California). Like Texas, the District of Columbia bar accepts the UBE.

10. Working as a Federal Public Defender would require me to seek admission to the District of Colombia Bar.

11. Attached as **Exhibit 1** to this Affidavit is a true and exact a document caption, "How to Apply for the July 2026 Uniform Bar Exam" provided by the District of Columbia Court of Appeals and available here: https://admissions.dcappeals.gov/information-and-applications

12. This document indicates that admission in this jurisdiction is dependent upon scrutiny of the applicant's fitness and character, including an explanation of any "academic disciplinary action … law school discipline, [and] college/university discipline…" among other things.

13. It is my understanding that I will be forced to report the "reprimand" issued by Dean Nowlin of the Texas Tech School of Law regardless of my position that he has violated my rights under the First Amendment to United States Constitution.

2

**FUTURE PLAN TO GAIN ADMISSION TO THE BAR OF CALIFORNIA**

14.    I am from California, so at some point I have always planned to return home to California.

15.    I have also planned to seek admission in the California Bar, after taking and passing the California Bar Exam. The California bar does not accept the (UBE). So I will need to take the bar exam a second time in California.

16.    I have expressed to many people since my 1L year and even prior to that, that my goal was to practice federally and in California.

17.    I have wanted to practice federally because my mom worked for the federal government (it's where she and my dad met), and so it was always an example I saw myself following in my own way.

18.    Throughout my time in law school at Texas Tech, I have sought advice from professors and practitioners about working in California and Federally.

19.    I have pursued career options in California, for example in the summer before my 3L year, I met with a Deputy Public Defender from Santa Clara County, CA Public Defenders office. We discussed what employment would look like if I were to apply in the future.

20.    I attach as **Exhibit 2** to this Affidavit provided by the State Bar of California, Office of Admissions Captioned "Frequently Asked Questions: Moral Character Determinations" and available here:

www.calbar.ca.gov/sites/default/files/portals/0/documents/admissions/Moral-Character-Determination-Application-Instructions.pdf

21.    Under the section, titled "Disciplinary History" **Exhibit 2**, at page 6, indicates,

If you have been found to have violated a college, university, or law school honor code; or have been dropped, suspended, warned, placed on disciplinary probation, expelled, or requested to resign or allowed to resign in lieu of discipline by any college, university, or law school; or otherwise have been

3

subjected to discipline by any such institution or been requested or advised by any such institution to discontinue your studies, you must disclose the incident on the moral character application.

22.     It is therefore my understanding that I will be forced to report the "reprimand" issued by Dean Nowlin of the Texas Tech School of Law regardless of my position that he has violated my rights under the First Amendment to United States Constitution.

**FUTURE PLANS TO GAIN ADMISSION TO THE BARS OF OTHER STATES**

23.     I have also considered applying for the bar in other states, depending upon what opportunities in my career present themselves.

24.     In August 2025, I met with the Colorado State Public Defenders Office when they came to Lubbock, had an interview and subsequently submitted my application for an opportunity as a public defender post graduation.

25.     I have also looked at opportunities in Washington State (King County, Seattle) and New Mexico.

26.     I understand that I will be forced to declare or report the "reprimand" of Dean Nowlin in any of these jurisdictions to which I applied in the future.

27.     It is therefore my understanding that the threat of being forced to report Texas Tech School of Law's ongoing violation of my First Amendment rights extends far into my professional future.

**[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

4

Fisher Appendix: 0315

SIGNED UNDER THE PENALTIES OF PERJURY THIS 28 DAY OF MAY 2026

Ellen Mae Fisher

Before me appeared the above identified
individual, and upon confirmation of his
identity, I witnessed the individual affix his
verified signature to this document on the date
indicated above,

Sally Ann Moreno Notary

My commission expires on: 5/2/2028



SALLY ANN MORENO
Notary Public, State of Texas
Notary ID# 134853808
My Commission Expires 05-02-2028

5

Fisher Appendix: 0316

# Exhibit 1

# How to Apply for the

# JULY 2026 Uniform Bar Exam

### Registration Dates:

**March 2 9:00 am ET through March 31, 2026, 5:00 pm ET OR earlier if the seating capacity is reached before March 31, 2026**

**Please read all of the information in these instructions.**

## Rules Regulating Admission to the Bar in the District of Columbia

You are responsible for reading and understanding the rules governing admission and unauthorized practice of law: D.C. App. Rule 46 and D.C App. Rule 49

**Application procedures have changed. Do not rely upon instructions from other websites and sources or from prior application periods to the District of Columbia. You are responsible for all information published on this website regarding the July bar exam. The volume of applications and the timeframe for exam preparation prohibit special exceptions for individuals who do not follow all instructions and deadlines. Your application is subject to administrative termination if you do not complete your application and pay fees according to the directions.**

**Application fees are not refundable nor transferable to a future exam.**

## Applicants with law degrees from Non-ABA Approved Law Schools

If you did not obtain a JD or LLB from an ABA approved law school, please also read the Guidance Regarding 26 ABA Credit hour Requirement for Graduates of non-ABA Approved Law Schools. Pursuant to Rule 46(c)(4), the Committee on Admissions will audit credits from an ABA approved law school transcript to determine if "all such 26 credit hours [have been] earned in courses of study, each of which is substantially concentrated on a single subject tested on the Uniform Bar Examination."

DC requires that LLB or non-ABA approved JD transcripts demonstrate that the applicant completed a degree that is substantially equivalent to a Juris Doctor degree that would be awarded by a law school approved by the ABA. This requirement may differ from the non-ABA approved LLB and JD degree requirements.

## Proper Application Filing Process

For your application to be properly filed for the bar exam, you must complete the items below. Your application is not complete until you have followed all of the steps below. You must complete all of these steps by the deadline **before all seats are filled and no later than March 31, 2026, 5:00 pm Eastern Time. There is no late filing period. There are NO EXCEPTIONS.** A completed application must have all of the following:

1. Completed electronic application

2. Any required supplemental documents

3. **The District of Columbia authorization and release form dated within 30 days of the date you submit your application. If you have applied previously, you must upload a current authorization and release form. There are no exceptions.**

4. MPRE Declaration. You must request that your MPRE score be reported to the District of Columbia or upload an unofficial score report with your application. **An MPRE score is not required to sit for the exam, but a minimum score of 75 is required for admission.**

5. Your accommodation request and supplemental documentation if you wish to apply for accommodations. Please note that you must indicate "yes" in the screening questions if you intend to apply for accommodations. **You must submit required documents when you submit your application; however, you may submit additional documentation (if you wish) up until March 31, 2026, 5:00pm Eastern Time.**

6. Your photo (see requirements below to avoid photo being rejected.)

7. Application fee of $405 due at the time the application is submitted AND the background investigation **fee paid to NCBE due no later than April 30, 2026.** Please do not wait until the last minute. **Please note that this is a deadline imposed by the District of Columbia for the purposes of exam registration. The later deadline given by NCBE does not apply if you wish to sit for the July 2026 exam.**

   **\*NOTE: If you paid the NCBE background investigation fee for a prior application to the District of Columbia, you will not pay this fee again, as long as the application was submitted on or after April 1, 2022.**

## How to Register and Apply for the Exam

1. **Create an account –** You must first create an account and complete screening questions to determine your eligibility for the exam. All parts of the application are located on the Committee on Admissions' online application. **Do not complete an application on the NCBE website for this exam.**

2. **Complete screening questions –** Applicants are responsible for answering the screening questions accurately. Applicants who intend to apply for accommodations must answer "yes" in the screening questions as part of the accommodation request process.

3. **Complete Electronic Application** - Complete and submit the application online. If you completed the character and fitness questionnaire **on or after April 1, 2022, for a prior application to the District of Columbia,** you will complete the abbreviated **Re-Application**.

4. **Complete the District of Columbia Authorization and Release Form (A&R)** - Print the A&R form and sign it in the presence of a notary. Forms notarized digitally are acceptable. Scan and save the notarized A&R as a PDF document. The properly signed and notarized A&R PDF must be uploaded to your account by the published deadline. **Your A&R must be dated within 30 days of the date you submit your application.**

5. **Upload supplemental forms** - All bar exam applicants with a JD from an ABA Approved law school must upload a Declaration of Graduation/Anticipated Graduation Form. If you have previously applied, you may re-upload the form you used for the prior exam.

   **All bar exam applicants who *do not* have a JD from an ABA approved law school must upload the following**:

   - ✓ Declaration of Graduation From a Non-ABA approved law school
   - ✓ Declaration of Completion/Anticipated Completion of 26 Credit Hours at an ABA Approved Law School (must be completed before the exam)
   - ✓ Copy of Diploma from non-ABA approved Law School
   - ✓ Copy of Official Transcripts from non- ABA approved law school
   - ✓ Copy of Official Transcripts from ABA approved law school
   - ✓ Copy of course descriptions from ABA approved law school

6. **Upload additional documentation –** The documents that applicants need from third parties or other sources will be determined by your responses to specific questions. Applicants who reply "yes" to questions regarding the following will need to provide additional documentation: arrests, civil litigation, academic disciplinary action, unauthorized practice of law, law school discipline, college/university discipline, military service, alcohol or drug related traffic violation and tax debt.

   **The NCBE analyst performing the background investigation may ask for other information after your application is submitted.**

7. **Upload photo** - A photo is required for all exam applications. Photos must meet certain requirements. A selfie can usually meet these requirements. A new photo is required each time you apply for a bar exam. Please do not submit a picture of your driver's license or any other ID. Your photo must meet the following requirements:

   - ✓ Taken within the past 6 months and reflect your current appearance.

- ✓ Color photo.
- ✓ **Individual photo** (no one else may be in the photo)
- ✓ Photo should only include your head and shoulders.
- ✓ Full face view, directly facing the camera.
- ✓ Appropriate clothing (business casual)
- ✓ No hat or head covering unless worn for religious purposes.
- ✓ Glasses are permitted; however, a glare or light reflection in the lenses of glasses in the photo is not acceptable (glare can be avoided with a slight downward tilt of the glasses or by turning off the flash).
- ✓ Photo file type must be a .png, .jpg., or .jpeg

8. **Pay Application Fee** - After completing all steps you will be prompted to pay the filing fee, either by credit card, debit card, or e-check. We do not accept any other form of payment
9. **Pay NCBE Investigation Fee** – You will pay the fee for the background investigation directly to NCBE upon receipt of an invoice requesting payment. This does not apply if you are re-applying and meet the criteria related to a prior application submitted on or after April 1, 2022.

### NCBE Background Investigation

Within 7-10 business days after filing your application with the District of Columbia Court of Appeals, you will receive an email from the National Conference of Bar Examiners (NCBE) with instructions on how to submit payment for the background investigation. Payment for the background investigation is required for your application to be complete. As previously stated, this **payment is due no later than April 30, 2026**.

If you previously paid the background investigation fee you will not pay the fee again, **as long as the prior application was submitted or after April 1, 2022.**

As indicated above, the background investigation fee must be paid to NCBE no later than April 30, 2026.  Please note that this is a deadline imposed by the District of Columbia for the purposes of exam registration. **The later deadline given by NCBE does not apply if you wish to sit for the July 2026 exam.**

### Accommodations

**To apply for accommodations, you will complete the questions online within the application.** You must also provide medical documentation that provides proof of your disability and documentation of prior accommodations. Please see the Medical Guidelines for guidance on your supplementary medical documentation. Applicants who do not submit any supporting documentation (e.g. diagnostic testing, transcripts, proof of prior accommodation grants, etc.) will be denied. **If you obtain additional medical documentation after you submit your application, you may upload this documentation up until March 31, 2026.**

Applicants who have **previously been granted accommodations for a DC bar exam and** who do not wish to request different accommodations **can upload their request form and a copy of their prior DC bar exam accommodations grant letter.** If you have previously been granted accommodations, please do not apply for a change unless you have **new** supporting medical documentation.

Applicants who are breastfeeding and/or pregnant may apply for a non-ADA courtesy schedule when they submit their application by selecting "yes" to the screening question regarding accommodations.

**Emergency Accommodations** *may* be granted where an applicant experiences circumstances that create a need for accommodations after the deadline. Emergency Accommodations will **only be granted when all of the following conditions are met**:

1. The impairment occurred after the deadline for the submission of accommodation requests.
2. The accommodation does not impose an undue burden on the Committee on Admissions.
3. The applicant demonstrates a disability within the meaning of the ADA.
4. The accommodation does not fundamentally alter the nature of the bar examination
5. The accommodation does not jeopardize the security of the exam

For Emergency Accommodations requests, send an email with the details of the request and supporting documentation to Winnie Trakhtengerts at [wtrakhtengerts@dcappeals.gov](mailto:wtrakhtengerts@dcappeals.gov). A denial of an Emergency Accommodation is not appealable.

Please note that accommodation requests may be granted fully or in part. Alternate accommodations may also be granted. Appeals can be made up to ten days after an accommodation grant is denied in full or in part**. Appeals must contain new information with supporting documentation. An appeal may not include requests that were not in the original accommodation request.** A link to the appeal form will be included in all decision letters that do not fully grant the requested accommodations.

## Laptop Registration

Applicants must pay the software licensing fee of $150 and register their laptops directly with the software vendor, ILG360. **The registration period is June 17 to June 26, 2026.**

## Electronic Communications

General announcements are made on the Committee on Admissions' website. You are expected to regularly visit the Committee on Admissions ("COA") web site to review the announcements and information posted there. You must also check your applicant portal for communications. Please use an e-mail address that you can access even after graduation from law school. You are required to maintain a current e-mail address and mailing address on your personal COA

Registration Account, and to regularly read all mail from this office, whether sent electronically or by postal service. It is your responsibility to ensure that e-mails from COA are not filtered as spam and to add @dccourts.gov and @dcappeals.gov to your e-mail address book.

## Bar Exam Content Schedule

## July 2026 Uniform Bar Exam Schedules

### July 2026 Exam Schedule for Standard Administration

| Date / Session (Am or PM) | Length of Session | Exam Content |
|---|---|---|
| July 28 AM | 3 hours | MPT 1 & 2 |
| July 28 PM | 3 hours | MEE 1 – 6 |
| July 29 AM | 3 hours | MBE 1 – 100 |
| July 29 PM | 3 hours | MBE 101-200 |

### July 2026 Exam Schedule for Non-Standard Administration
### Courtesy Accommodation with no additional time

| Date / Session (Am or PM) | Sessions | Exam Content |
|---|---|---|
| July 28 AM | 90 min. /break 30 min./90 min. | MPT 1 / break/ MPT 2 |
| July 28 PM | 90 min. /break 30 min./90 min. | MEE 1 – 3 / Break/ MEE 4-6 |
| July 29 AM | 90 min. /break 30 min./90 min. | MBE 1 – 50/ Break/ MBE 51-100 |
| July 29 PM | 90 min. /break 30 min./90 min. | MBE 101-150/ Break/ MBE 151-200 |

### July 2026 Exam Schedule for Non-Standard Administration
### (Additional Time- 25%)

| Date / Session (Am or PM) | Length of Session | Exam Content |
|---|---|---|
| July 28 | 3.75 | MEE 1-6 |
| July 29 AM | 3.75 | MBE 1-100 |
| July 29 PM | 113 minutes | MPT |
| July 30 AM | 3.75 hours | MBE 101-200 |
| July 30 PM | 113 minutes | MPT |

**July 2026 Exam Schedule for Non-Standard Administration**
**Additional Time – 50%**

| Date / Session (Am or PM) | Length of Session | Exam Content |
|---|---|---|
| July 28 AM | 2.25 hours | MPT |
| July 28 PM | 4.5 hours | MEE 1-6 |
| July 29 AM | 4.5 hours | MBE 1-100 |
| July 29 PM | 2.25 hours | MPT |
| July 30 AM | 4.5 hours | MBE 101-200 |

**July 2026 Exam Schedule for Non-Standard Administration**
**Additional Time – 100%**

| Date / Session (Am or PM) | Length of Session | Exam Content |
|---|---|---|
| July 28 AM | 3 hours | MEE 1-3 |
| July 28 PM | 3 hours | MEE 4-6 |
| July 29 AM | 3 hours | MBE 1 – 50 |
| July 29 PM | 3 hours | MBE 51-100 |
| July 30 AM | 3 hours | MBE 101 – 150 |
| July 30 PM | 3 hours | MBE 151-200 |
| July 31 AM | 3 hours | MPT |
| July 31 PM | 3 hours | MPT |

END OF DOCUMENT

Fisher Appendix: 0324

# Exhibit 2

Fisher Appendix: 0325

**The State Bar of California**                    **OFFICE OF ADMISSIONS**

## FREQUENTLY ASKED QUESTIONS: MORAL CHARACTER DETERMINATIONS

These FAQs are a living document. They are subject to revision and will be supplemented and updated as needed.

- General Information
- Civil Actions and Administrative Proceedings
- Law Enforcement Matters
- Debt
- Disciplinary History: Military, Professional, and Academic
- Driving Record
- Education
- Professional Applications and Credentials
- References: Personal and Employment
- Residence
- Admissions Applicant Portal
- Adverse Determination

### GENERAL INFORMATION

1. **What do I need to know before beginning the online Application for Determination of Moral Character or Application for Extension of Determination of Moral Character? Is there a checklist?**
   Please review the information regarding the Moral Character requirement, including the instructions for the Application for Determination of Moral Character and Application for Extension of Determination of Moral Character.

2. **Where can I find general information about the standards for making moral character determinations?**
   Please review the Moral Character Statement.

3. **Am I required to disclose a situation or issue that does not appear in the Moral Character Determination Guidelines?**
   Maybe. Please carefully review the instructions and questions to determine the disclosure requirements.

   The guidelines contain examples of issues that may be relevant to a moral character determination and do not provide an exhaustive list of all potentially relevant issues. Applications are considered individually. Accordingly, the guidelines neither bind nor limit the discretion of the decision-makers, but rather provide a framework to assist the decision-makers and provide applicants with information about the process. The

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 S. Figueroa Street
Los Angeles, CA 90017

Fisher Appendix 0326

severity of an act of misconduct, length of time since the act, and the frequency with which the act occurred are among the factors that will be taken into consideration in making a moral character determination.

4. **What if I don't know all the answers to complete a form for the moral character application?**

When filling out a form, provide as much responsive information as possible. If you are unable to obtain responsive information after conducting a diligent search and contacting others who might have the information, such as an attorney who represented you, please indicate that you have conducted such a search, detail the steps you took, and state that you are unable to obtain the information. An omission of responsive information with no explanation may delay the processing of your moral character application.

5. **Why does it take so long to complete the processing of my moral character application?**

Applications are processed in the order in which they are received and deemed complete. The State Bar is unable to expedite applications. The duration of a moral character investigation varies due to factors such as the volume of applications received in a given time period and whether timely responses to requests for information are received from the applicant or others. Generally, it takes a minimum of approximately 180 days, or six months, from the date the application is deemed complete and filed, to process a moral character application.

6. **The instructions state that applicants for admission to practice law in California have a continuing duty to update their responses. What is the best way to update my application?**

You are required under rule 4.42 of the Rules of the State Bar of California to update your responses within 30 days whenever information provided in the application has changed or there is new information relevant to the application until you have taken the attorney's oath. To update your application, please log in to the Applicant Portal and access your moral character case. Use the feed on your moral character case to post an update or upload a document.

Fisher Appendix: 0327

Frequently Asked Questions: Moral Character Determinations
January 22, 2024

**Figure 1: Posting an update or document to a Moral Character Case**



7. **Is there a preferred file type and file size limit when uploading or posting a document?**
   Yes, PDF documents are preferred. Word documents are discouraged, as incompatible versions may create technical issues. There is a 25 MB upload limit per post.

8. **I filed my moral character application at the same time my classmate submitted their application. Why was their application approved quickly while my application remains pending?**
   Applications are considered individually. Processing times for applications are affected by variables such as the relative complexity of an applicant's history. It may take 180 days or more from the date the application is deemed complete to finish the processing of a moral character application. You are advised to submit a moral character application soon after you meet the eligibility requirements by commencing the study of law and registering with the State Bar as a law student or an attorney applicant. Applicants are encouraged to file a moral character application before the start of their last year of law study.

9. **Can I receive a moral character determination before enrolling in law school?**
   No. You are not eligible to file a moral character application until you commence the study of law and register as a law student with the State Bar. The State Bar has published Moral Character Guidelines to assist applicants for law school and the State Bar in understanding whether their past conduct might impact getting a positive moral character determination, which is a prerequisite for admission to the practice of law.

## CIVIL ACTIONS AND ADMINISTRATIVE PROCEEDINGS

1. **Do I have to disclose my divorce or dissolution? Do I have to disclose a class action suit to which I was a party?**
   Yes. The moral character application requires disclosure of all civil actions, including but not limited to divorce, dissolution, and class action cases in which you were a named plaintiff or defendant.

Fisher Appendix: 0328

Frequently Asked Questions: Moral Character Determinations
January 22, 2024

2.  **Do I have to disclose an administrative matter, such as a Department of Motor Vehicles hearing involving a driver's license suspension or a hearing before the Employment Development Department?**
    Yes. You are required to disclose all administrative matters to which you have been a party.

3.  **If I reported an incident of sexual assault or sexual harassment to an educational institution (undergraduate, graduate, or law school), do I have to disclose the matter on my moral character application as a civil action or administrative proceeding to which I was a party?**
    No. An applicant who reported an incident of sexual assault or sexual harassment to an educational institution is not required to disclose the incident on the moral character application as a civil action or administrative proceeding to which the applicant was a party.

    However, if a complaint was filed against you and you were formally or informally dropped, suspended, warned, placed on disciplinary probation, expelled, or requested to resign or allowed to resign in lieu of discipline from the educational institution, you must disclose this information on the moral character application in response to the question about scholastic discipline.

## LAW ENFORCEMENT MATTERS

1.  **Can I take the California Bar Examination if I have a criminal record?**
    Yes. Eligibility to sit for the California Bar Examination is based upon your legal education. An applicant's criminal history is addressed in the moral character application, which is separate and distinct from the bar exam application.

2.  **Do I have to disclose my criminal history on my law school application?**
    The State Bar is unable to provide advice concerning the completion requirements of law school applications, including whether disclosure of certain criminal matters is required. An applicant should consult the law school concerning the completion requirements for its application.

3.  **On my law school application, I disclosed an arrest that did not result in charges. If the moral character application does not require that I disclose this arrest, how will the discrepancy affect the review of my application?**
    If an undisclosed arrest is discovered during the processing of a moral character application, the applicant may be asked to provide a narrative of the events and supporting documentation; however, if the arrest was not required to be disclosed on the moral character application, the nondisclosure will not impact the determination.

4

Frequently Asked Questions: Moral Character Determinations
January 22, 2024

4. **Do I have to disclose a pending criminal matter in my moral character application? Do I have to disclose a criminal conviction that was dismissed pursuant to section 1203.4 of the California Penal Code?**
Yes. Pending criminal matters must be disclosed, and convictions dismissed pursuant to section 1203.4 must be disclosed.

5. **Do I have to disclose a criminal matter that was dismissed pursuant to a pretrial diversion agreement?**
Maybe. You are required to disclose criminal matters in which you entered a plea of guilty or nolo contendere (no contest), even if the matter ultimately was dismissed without a judgment of conviction being entered or sentence imposed after you completed the terms of a diversion agreement. You are not required to disclose an arrest or charges that did not result in a misdemeanor or felony conviction unless you entered a plea of guilty or nolo contendere (no contest) or the matter is pending when you submit your application.

6. **How do I obtain law enforcement and criminal court records that I am required to submit with my application?**
Contact the citing or arresting agency to obtain a copy of a law enforcement report and contact the court where the related proceedings were held to obtain a copy of the charging document, court docket, and judgment (please see Form 2 for the complete list of required documents). You must contact each agency to determine whether records may be requested or obtained online, in person, or through the mail. The identity of the citing or arresting agency sometimes may be found in related court documents. The prosecutor's office, such as the District Attorney or City Attorney, may be able to assist in identifying the court in which certain proceedings were held.

7. **What do I do if I am required to disclose a criminal offense but am unable to obtain the required law enforcement or court records?**
Please submit documentation of your unsuccessful attempts to obtain law enforcement or court records, such as a letter from the relevant entity confirming why the record is unavailable.

8. **Are there criminal offenses that are an absolute bar to a positive moral character determination? Will a misdemeanor or felony conviction alone prevent me from obtaining a   positive moral character determination?**
No. There is no act of misconduct that automatically disqualifies an applicant from obtaining a positive moral character determination. The State Bar makes moral character determinations on a case-by-case basis, considering each applicant's history. When an applicant has criminal history, the State Bar determines whether sufficient rehabilitation has occurred to warrant a positive moral character determination. Please review the Moral Character Guidelines for additional related information.

Fisher Appendix: 0330

Frequently Asked Questions: Moral Character Determinations
January 22, 2024

9. **What are the criteria for disclosing traffic violations? Do I have to disclose speeding tickets and other moving violations? Do I have to disclose all driving violations, no matter when they occurred?**
Traffic violations that resulted in a misdemeanor or felony conviction must be disclosed on the moral character application, as well as the specific examples provided in the moral character application. Violations must be disclosed without regard to when they occurred.

## DEBT

1. **Am I required to disclose a disputed debt on my moral character application? Am I required to disclose student loan defaults?**
Yes. The moral character application requires disclosure of all debt that is delinquent at the time the application is submitted. Applicants must also disclose all incidents of student loan default, even if the loan is current at the time the moral character application is submitted.

2. **Do I need to provide a credit report with my moral character application?**
Maybe. If you disclose a current student loan in default or delinquent debt on the moral character application, you must provide a current credit report. A credit score summary is not acceptable in lieu of a complete credit report if one is required.

3. **Will I be denied admission solely because I owe money on my credit card, or I have declared bankruptcy?**
No. Neither indebtedness nor bankruptcy necessarily is relevant to a moral character determination. Moral character issues may arise if indebtedness was handled irresponsibly, or bankruptcy was used to defraud creditors.

## DISCIPLINARY HISTORY: MILITARY, PROFESSIONAL, ACADEMIC

1. **Do I have to disclose undergraduate and law school discipline on the moral character application?**
Yes. If you have been found to have violated a college, university, or law school honor code; or have been dropped, suspended, warned, placed on disciplinary probation, expelled, or requested to resign or allowed to resign in lieu of discipline by any college, university, or law school; or otherwise have been subjected to discipline by any such institution or been requested or advised by any such institution to discontinue your studies, you must disclose the incident on the moral character application.

2. **How will a military discharge "under" or "other than" honorable conditions or a "dishonorable" discharge affect a moral character determination?**
A nonjudicial punishment, court-martial, resignation in lieu of court-martial, administrative discharge, or a discharge that is not "honorable" may be relevant to a moral character determination, but it does not automatically exclude an applicant for admission to practice law in California.

    Fisher Appendix: 0331

Frequently Asked Questions: Moral Character Determinations
January 22, 2024

3. **Am I eligible to file a moral character application if I am suspended, disbarred, or otherwise not in good standing in another jurisdiction?**
No. Rule 4.41(C) of the Rules of the State Bar of California provides that an attorney who is, "suspended for disciplinary reasons or disbarred, has resigned with disciplinary charges pending or is otherwise not in good standing for disciplinary reasons in any jurisdiction may not submit an application." In order to be eligible to file a moral character application, you must submit a Certificate of Good Standing (CGS) from each jurisdiction in which you are admitted to practice law. If you are inactive in a jurisdiction, in lieu of a CGS, you may submit a letter from the jurisdiction(s) in which you are licensed indicating your date of admission, that you are not suspended or disbarred and did not resign with disciplinary charges pending, and are in good standing or are ineligible to practice law for nondisciplinary reasons. The letter must also include the dates of your admission and when your status changed to inactive.

## DRIVING RECORD

1. **Do I need to submit a copy of a non-California driving record?**
Maybe.

   For the Determination Application, you must report all driver's licenses ever issued to you in the application. For each jurisdiction, other than California, in which you have held a driver's license within the last 10 years or since the age of 18, whichever is shorter, you must provide a copy of your driving record that meets the following requirements: an original and certified copy, issued within 6 months of the date on which the current application is submitted, and contains at least 5 years of your driving history or the longest timeframe provided by the jurisdiction, whichever is shorter.

   For the Extension Application, you must report all driver's licenses held since your prior application. For each jurisdiction, other than California, in which you have held a driver's license since your prior application, you must provide a copy of your driving record that meets the following requirements: an original and certified copy, issued within 6 months of the date on which the current application is submitted, and contains at least 5 years of your driving history or the longest timeframe provided by the jurisdiction, whichever is shorter.

   If a driving record is in a language other than English, you must provide a certified English translation with the driving record. You may not translate your own documents.

   If the jurisdiction that issued the driver's license will not provide a copy of a driving record, a letter from the agency stating that no record will be provided should be submitted in lieu of the driving record.

Fisher Appendix: 0332

Frequently Asked Questions: Moral Character Determinations
January 22, 2024

2. **My out-of-state driving record may take two to four weeks to obtain. Should I wait to submit my moral character application until I can submit the driving record?**
Yes. A certified copy of each out-of-state driving record must be uploaded to the moral character application prior to submission. An application received without the out-of-state driving record(s) will be considered incomplete and will delay the processing of the moral character application.

### EDUCATION

1. **How do I report my educational history if I attended some colleges multiple times and some schools many years ago?**
You are required to account for all periods of your education after high school. Please disclose each school you attended regardless of the duration of your attendance. If you attended a school during different periods of time, please disclose the school once and indicate each period of attendance at the school. You must upload a separate document to list each period of attendance.

### PROFESSIONAL APPLICATIONS AND CREDENTIALS

1. **Do I have to disclose my applications for admission to practice law in other jurisdictions?**
Yes. The moral character application requires the disclosure of applications submitted to any jurisdiction for admission to practice law including, but not limited to, applications to be admitted by examination, on motion, or on diploma privilege; applications for reinstatement to a State Bar; and applications for determination of moral character. All submitted applications must be disclosed regardless of whether you were admitted, including applications that are withdrawn or otherwise did not result in a final determination.

2. **What professional licenses and credentials do I have to report in the moral character application?**
You must disclose all professional licenses that include a character or fitness determination component (i.e., questions concerning convictions or disciplinary matters). Examples of professional certifications that typically include a character or fitness component include licensure as a Certified Public Accountant, Patent Practitioner, Real Estate Salesperson or Broker, Notary Public, and Teacher, or security clearance certifications.

### REFERENCES: PERSONAL AND EMPLOYMENT

1. **Who can I provide as a personal reference on the moral character application?**
You should list people who are knowledgeable about you and do not appear as an employment reference elsewhere in the application. Additionally, your personal references may not be related to you by blood or marriage.

8

Frequently Asked Questions: Moral Character Determinations
January 22, 2024

2. **Who may provide an attorney reference?**
The moral character application requires that at least one of your personal references be an attorney; the attorney may be retired or inactive. If you do not know an attorney who knows you well enough to comment on your character, you may submit the name and contact information of a nonattorney who knows you well enough to complete a questionnaire concerning your character. Neither the attorney nor other personal references may be related to you by blood or marriage, nor can they be reported as a supervisor under the employment section of the moral character application or as a verifying reference under the self-employment section of the moral character application.

3. **Do I have to disclose a potential place of employment in the moral character application?**
No. The moral character application requires you to disclose any employment, past or present, lasting more than six months, and any law-related employment, regardless of its duration.

   If you obtain new employment while your moral character application is pending or after you have received a positive moral character determination, but before you take the attorney's oath, you must provide the new employment information to the State Bar within 30 days.

4. **Who do I list as my supervisor in the employment section of the moral character application?**
Provide the name of your direct supervisor. If you had more than one supervisor, provide the name of the individual most familiar with your conduct. If your supervisor is no longer at the company and you do not have their contact information, please list "Human Resources."

   If your supervisor is related to you by blood or marriage, please list a non-related colleague who is familiar with your work. If no such person is available, you may list your relative as your supervisor. Please note how the supervisor is related to you on your application.

5. **Do I have to disclose my previous employment at a business that is no longer in operation?**
Yes. You must disclose all employment that is law-related or lasted more than six months, even when the employer is no longer operating. You do not need to provide a defunct employer's address, email address, or phone number; however, if you have contact information for your former supervisor from the business, you must provide this information in your application.

Fisher Appendix: 0334

Frequently Asked Questions: Moral Character Determinations
January 22, 2024

6. **What do I do if I do not know the supervisor's email address?**
   You must contact the employer and attempt to obtain the information. If you do not remember your supervisor's name or your supervisor is no longer with the business, please enter "Human Resources" into the Full Name of Supervisor field and enter the appropriate information into the Email Address of Supervisor and Phone Number of Supervisor fields.

   If the company is no longer in business (defunct), contact information will not be required once you indicate that the company is no longer in business.

   **Do NOT use your own email address or phone number.**

7. **Does the State Bar contact the employers identified on the moral character application?**
   Yes. Current and past employers are contacted during the moral character investigation.

8. **How do I properly report my enlistment and job in the military?**
   Report military enlistment in the "Current/Previous Employment section" and the "Military Services" section of the moral character application. List your last duty station, supervisor, date of enlistment, and date of discharge (or the date you left active duty if you are currently on inactive status). An applicant who is discharged from active duty must also provide a DD-214 military discharge document that clearly indicates the type of discharge.

9. **Some of my references told me they did not receive a questionnaire after I submitted my application, should I be worried?**
   No. Some references may not be contacted. You may wish to remind your references to check their email spam folders periodically and to use the Google Chrome internet browser, if possible, when submitting the questionnaires to avoid potential technical issues.

## RESIDENCE

1. **Do I have to disclose all past residences, no matter how long ago I resided at a location?**
   No. You are only required to disclose the addresses of the places you have lived within the past eight years, including college and law school residences. If a residence gap is identified due to your extended periods of travel abroad, please report this information in the "Accounting for Gaps in Residence History" section of the moral character application.

2. **How long must I have resided at a particular location for the residence to be reportable on the moral character application?**
   You must disclose all residences for the past eight years, regardless of how long you resided at the location.

Fisher Appendix: 0335

Frequently Asked Questions: Moral Character Determinations
January 22, 2024

3. **I travel a lot, including overseas, and I cannot recall every address where I lived. How do I appropriately respond to the "Residence" section of the moral character application?**
   Some applicants have traveled extensively in the past eight years and have numerous addresses to report on the moral character application. You are encouraged to provide as much information pertaining to each residence as can be reasonably recalled. You are responsible for the complete and accurate reporting of information on the application to the best of your ability, and the failure to provide complete responses could result in a delay in the processing of the application.

## ADMISSIONS APPLICANT PORTAL

1. **I cannot log in to my account on the Admissions Applicant Portal. What do I do?**
   First, try to reset the password. Second, call the Office of Admissions at 800-843-9053 and request a  password reset email. Please do not register with another email address, as doing so will create a duplicate account.

2. **Which email address should I indicate as my preferred email?**
   Please use a personal email address other than your law school email address. If you use a law school or work email address to which you lose access, you may not receive communications from the Office of Admissions.

3. **Can I correct or update information in my moral character application?**
   Yes. Prior to submitting your moral character application, certain fields are editable by you. The editable fields are visible on each type of record.

   If you cannot edit the information on the application, you should upload a document (Word, PDF, etc.) with the correct information to any file upload section.

4. **How do I delete documents that I accidentally uploaded to the application?**
   You cannot delete a document once it is uploaded. If you upload a document in error, please upload a statement that clearly identifies the relevant document and indicates if the document should be deleted.

5. **Can I view my application in the Applicant Port after I have submitted it?**
   No. However, you will receive a courtesy copy of your application via email for your records.

   After an application has been submitted, you will not be able to access the application or make any edits to it in the Applicant Portal. You should submit updates or amendments by posting the information to your moral character case feed.

6. **Can I request a copy of my application?**
   Yes. A copy of your moral character application can be requested by submitting a Service Request Form with the applicable fee as a General Request in the Applicant Portal. Please allow approximately 30–45 days to process the request.

11                                                              Fisher Appendix: 0336

Frequently Asked Questions: Moral Character Determinations
January 22, 2024

7. **How do I upload my Live Scan Form after I submit my application?**
Post the completed Live Scan Form to your moral character case feed. Do not submit the Live Scan Form as a General Request or as a Fingerprint Request, or there may be a delay in processing.

8. **Will I receive immediate confirmation that the document or comment I posted to my moral character application was received?**
No. However, you can view the documents you have successfully uploaded to your case in the Applicant Portal. You will receive confirmation once staff reviews the information.

9. **I am confused as to when it is appropriate to submit a General Request. When should I submit a General Request?**
You may submit a General Request to ask questions that are not related to your moral character application, request FD-258 fingerprint cards, or request assistance with the application prior to submission. General Requests are answered in the order received, and there may be a delay before the General Request is addressed as the volume of requests varies.

10. **My application is in drafted status, and I am experiencing technical issues. What is the best way to resolve the issue?**
Please call 800-843-9053 and ask to speak with the moral character Person of the Day. Please be prepared to email a screenshot if the issue cannot be resolved over the phone. Some issues may take more time to resolve if technical assistance is necessary.

## ADVERSE DETERMINATION

1. **What happens if I am given an adverse moral character determination?**
The notice of the adverse determination will provide you with the date on which you may submit a new Application for Determination of Moral Character. You are encouraged to engage in affirmative rehabilitative activities during the period you must wait to reapply.

   Alternatively, you may choose to request administrative review by the Committee of Bar Examiners. If you request review by the Committee, the date on which you will be eligible to reapply may change, as it will be determined by the Committee in the event it issues an adverse determination.

2. **What are the possible outcomes once I submit a request for administrative review?**
The Committee of Bar Examiners will review your request and your application. The Committee may take any action it deems appropriate, including but not limited to granting you a positive determination, requesting more information, extending an offer of abeyance, or rendering an adverse determination.

   If the Committee declines to grant you a positive determination, it will decide how long you must wait before you may submit a new Application for Determination of Moral

Fisher Appendix: 0337

Frequently Asked Questions: Moral Character Determinations
January 22, 2024

Character, which could be the same or different from the time that was set by State Bar staff when it made the initial determination.

3. **Can I have an extension to submit a request for administrative review?**
No. The State Bar is unable to extend the period to request administrative review. The Committee will decide whether to accept an untimely request for administrative review.

## UPDATES

1/22/2024
- Updated DEBT question 2.
- Updated DISCIPLINARY HISTORY: MILITARY, PROFESSIONAL, ACADEMIC question 3.

8/17/2023
- Updated DISCIPLINARY HISTORY: MILITARY, PROFESSIONAL, ACADEMIC question 3.
- Updated REFERENCES: PERSONAL AND EMPLOYMENT questions 1, 4, & 6.
- Updated ADMISSIONS APPLICANT PORTAL question 8.
- Added ADVERSE DETERMINATION section.

1/24/2023
- Updated DRIVING RECORD question 1.

13                                           Fisher Appendix: 0338