# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

ELLIE MAE FISHER,

       *Plaintiff,*

v.

TEXAS TECH UNIVERSITY SYSTEM BOARD OF
REGENTS et al.,

       *Defendants.*

Civil Action No. 5:26-cv-00073-X

---

## DEFENDANTS' RESPONSE IN OPPOSITION TO
## PLAINTIFF'S OPPOSED MOTION FOR PRELIMINARY INJUNCTION
## PENDING APPEAL

TABLE OF CONTENTS

Introduction ........................................................................................................................... 1

Factual Background ................................................................................................................ 2

Standard of Review ............................................................................................................... 3

Argument and Authorities .................................................................................................... 4

    I.   This Court Continues to Lack Jurisdiction to Order the Requested Relief. ...................... 5

       A.  Several Defendants Are the Improper Defendants under *Ex parte Young*. .................. 5

       B.  Ordering the Annulment of a Reprimand and the Retraction of Its Reporting Is an Impermissibly Retrospective Form of Relief. ........................................................... 6

       C.  Plaintiff's Attempts to Cast Her Requested Relief as Prospective Fail. ...................... 6

    II.  Even If this Court Had Jurisdiction, Plaintiff is Not Entitled to Injunctive Relief. ............ 8

       A.  Plaintiff Cannot Establish a Strong Likelihood of Success on the Merits. .................... 9

       B.  Plaintiff Cannot Demonstrate that She Will Suffer Irreparable Injury in the Absence of an Injunction. ............................................................................................ 9

       C.  Plaintiff Can Show Neither that the Balance of Hardships Weighs in Her Favor, nor that the Public Interest Favors Granting an Injunction. ...................................... 10

Conclusion ......................................................................................................................... 10

Certificate of Service .......................................................................................................... 11

### INTRODUCTION

This lawsuit, presented in the trappings of a First Amendment retaliation claim is, at its core, an attempt to have the federal judiciary override the findings of investigations conducted by the law school's honor council and administration, and erase the academic record of a law student's unprofessional conduct, as well as retracting its reporting from a professional board. Plaintiff alleges that, following the public murder of Charlie Kirk, Texas Tech Law school singled her out for retaliation solely because she expressed opinions critical of Charlie Kirk. However, the Honor Council (and subsequent administrators who reviewed the facts and proceedings) found that Plaintiff's boisterous celebration of a public murder in the professional setting of a legal clinic was unprofessional conduct, *not* because of the First Amendment-protected opinions she expressed, but because of the disruptive nature of that conduct itself.

Now, Plaintiff once again moves for a preliminary injunction, this time pending her appeal of this Court's denial of the previous motion for preliminary injunction. Unfortunately for Plaintiff, there are several overlapping reasons why her attempt to escape the consequences of her conduct must fail once more.

First, this Court still has no jurisdiction to award the requested relief. Not only are many of the Defendants improper parties, but even concerning those who *are* proper parties, the court has no ability to award retrospective relief in a 42 U.S.C. § 1983 suit under *Ex parte Young* (and the *annulment* of a reprimand and the *retraction* of its reporting to a professional board undoubtedly is retrospective).

Second, even granting *arguendo* that this Court has such jurisdiction, the merit of the claim is severely lacking, such that preliminary injunctive relief would be entirely inappropriate. But, even granting *arguendo* once more that the underlying claim is meritorious, the extraordinary remedy of injunctive relief pending the appeal of a denial of a preliminary injunction is entirely unnecessary, as preservation of the status quo *so that the court can render a meaningful decision on the merits* is not

1

necessary at this stage—other forms of relief would be able to make the Plaintiff whole, failing all of the aforementioned reasons why Plaintiff's claim should fail.

### FACTUAL BACKGROUND

Defendants incorporate by reference all statements of fact as laid out in Defendants' Response in Opposition to Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 24) and briefly reiterate the most relevant facts *infra*.

Following news of Charlie Kirk's murder on September 10, 2025, multiple reports substantiated that Plaintiff celebrated this fact in the Texas Tech University Law School's clinical suite during work hours. ECF No. 25 at Appx. 43. This matter was referred by Professor Keffer to the school's Honor Council on January 23, 2026, and following a February 20, 2026 hearing by the Honor Council, the council issued a March 11, 2026 report finding against the plaintiff and recommending a written reprimand. *Id.* at Appx. 43–44. Plaintiff appealed, and the Associate Dean's review confirmed that the council's findings were not clearly erroneous. *Id.* at Appx. 44.

Plaintiff Ellen Mae Fisher filed this suit on Sunday, April 12, 2026. Initially, the complaint forwarded a single count of "First Amendment Retaliation under the First and Fourteenth Amendment to United States Constitution as applied under [42 U.S.C. § 1983]."[1] ECF No. 3 at 31. Plaintiff sought declaratory and injunctive relief, as well as monetary damages. *Id.* at 33. Plaintiff also filed for emergency relief, seeking a Temporary Restraining Order and a Preliminary Injunction. ECF No. 4 at 24.

On Monday, April 13, 2026, the Dean of the law school issued the reprimand of Plaintiff, and subsequently reported this reprimand to the Texas Board of Law Examiners. *See* Appendix, ECF No. 25 at 84–90 (reprimand letter and letter to TBLE); *see also* ECF No. 24 at 6–7; Order, ECF No. 27 at 3–4. It is worth noting that while Plaintiff filed her suit prior to the issuance of the reprimand and its reporting to the TBLE, service of that suit to Defendants had not been effected

---

[1] Plaintiff has since filed a second amended Complaint (ECF No. 30-1) on May 20, 2026. This amended Complaint was filed after this Court's May 12, 2026 Order (ECF No. 27), which is the order being appealed from.

at that time; summonses were issued from the clerk's office four days after Plaintiff filed the suit. Order, ECF No. 27 at 3–4.

On May 12, 2026, this Court issued a Memorandum Opinion and Order Denying Plaintiff's request for a temporary restraining order and preliminary injunction. ECF No. 27 at 12. This Court found that several Defendants were improper to order injunctive relief against under *Ex parte Young*, ECF No. 27 at 7, and that the requested injunctive relief was impermissibly retrospective against the remaining proper Defendants, ECF No. 27 at 8–9.

Subsequently, on May 29, 2026, Plaintiff filed the motion at issue here: a request for preliminary injunction pending appeal of this Court's order, pursuant to Federal Rule of Civil Procedure 62(c). ECF No. 34 at 6.

## STANDARD OF REVIEW

The standard for obtaining injunctive relief pending appeal is even more stringent than the standard this Court used to deny Defendant's underlying request for injunctive relief.

"An injunction pending appeal is 'rather drastic relief.'" *Legacy Hous. Corp. v. Rodwell*, No. 24-10310, 2024 U.S. App. LEXIS 8695, at *3 (5th Cir. 2024) (*citing Rainey v. Jackson State Coll.*, 481 F.2d 347, 351 (5th Cir. 1973)). "We consider four factors in deciding whether to grant an injunction pending appeal under Federal Rule of Appellate Procedure 8(a)." *Id.* (*citing NAACP v. Tindell*, 95 F.4th 212, 215 (5th Cir. 2024) (per curiam)). The party seeking an injunction pending appeal "must show '(1) a *strong* likelihood of success on the merits; (2) irreparable injury in the absence of an injunction; (3) that the balance of hardships weighs in their favor if injunctive relief is granted; and (4) that the public interest favors such relief.'" *Id.* (*quoting Whole Woman's Health v. Jackson*, 13 F.4th 434, 441 (5th Cir. 2021) (per curiam)) (emphasis added); *accord Cardoni v. Prosperity Bank*, No. H-14-1946, 2015 U.S. Dist. LEXIS 10008, at *2 (S.D. Tex. 2015) (stating that when a party seeks an injunction pending appeal, the party must "show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the party whom it seeks to enjoin;

3

and (4) that granting the injunction will not disserve the public interest.”). This necessitates a “great likelihood, approaching near certainty, that [applicant] will prevail when his case finally comes to be heard on the merits.” *Rainey*, 481 F.2d at 351 n.3 (quoting *Greene v. Fair*, 314 F.2d 200, 202 (5th Cir. 1963)).

Relevant in this case, as Defendants are state officials, “the government’s and the public’s interests merge when the government is a party.” *Mock v. Garland*, 75 F.4th 563, 577 (5th Cir. 2023). “The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or a preliminary injunction can be granted.” *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *see also PCI Transp. Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (noting that the court should not grant preliminary injunctive relief “unless the party seeking it has clearly carried the burden of persuasion on all four requirements” (internal citations omitted)). But even if a movant satisfies each requirement, the decision to grant an injunction remains within the discretion of the trial court, and the trial court should issue an injunction only under exceptional circumstances. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

### ARGUMENT AND AUTHORITIES

Here, as previously, Plaintiff cannot satisfy all four factors necessary to obtain a preliminary injunction, particularly as the standard for a preliminary injunction pending appeal is even more demanding. More fundamentally, Plaintiff cannot even establish a prospective remedy which this Court has jurisdiction to order under *Ex parte Young*. The Court should therefore once more decline Plaintiff’s motion for a preliminary injunction, this time pending appeal.

Defendants incorporate by reference all arguments made in Defendants’ Response in Opposition to Plaintiff’s Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 24) and briefly reiterate the most relevant arguments *infra*.

### I.   THIS COURT CONTINUES TO LACK JURISDICTION TO ORDER THE REQUESTED RELIEF.

It is well established that states generally have sovereign immunity from private suits in federal court. *Jackson v. Wright*, 82 F.4th 362, 367 (5th Cir. 2023). It is also true that *Ex parte Young* permits suits for *prospective* relief against state officials acting in violation of federal law. *Green Valley Special Util. Dist v. City of Schertz*, 969 F.3d 460, 471 (5th Cir. 2020). However, this narrow waiver of sovereign immunity does not apply to the present case, because (1) only some of the defendants are the correct party under *Ex parte Young*; and (2) the relief sought is quintessentially retrospective in nature.

### A.   Several Defendants Are the Improper Defendants under *Ex parte Young*.

A proper defendant under *Ex parte Young* must be "officers of the state . . . clothed with some duty in regard to the enforcement of the laws of the state . . . who threaten and are *about to commence* proceedings, either of a civil or criminal nature." *Ex parte Young*, 209 U.S. 123, 155–56 (1908) (emphasis added).

Certainly, the Honor Council members are not "about to commence proceedings." The Honor Council has completed its process and issued its recommendation. *See* ECF No. 25 at Appx. 65–71 (Honor Council's Report). There is nothing at this point that the members of the Honor Council *could* do in regard to the subsequently issued reprimand, *even if* a court was to order them to do it.

Indeed, this Court has already found that "the only defendants who have even a scintilla of enforcement authority to effectuate [Plaintiff's requested relief] are Dean Nowlin, who sent the reprimand to the Texas Board of Law Examiners; Dean Gonzales, who has appellate review of Honor Code violations; and the Board of Regents." Order, ECF No. 27 at 7. But even these Defendants have already completed the issuance of the reprimand and its reporting to the TBLE. There is no commencement of proceedings, nor an ongoing violation of law, that can even be *alleged*. So, absent accusations of impending or future actions by the remaining Defendants (there are none), these Defendants, too, are improper parties under *Ex parte Young*.

**B. Ordering the Annulment of a Reprimand and the Retraction of Its Reporting Is an Impermissibly Retrospective Form of Relief.**

*Ex parte Young* only permits courts to require a state official to stop violating federal law, and nothing more. *Va. Off. For Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011); *see also* Order, ECF No. 27, at 8. This exception to sovereign immunity "does not permit judgments against state officers declaring that they violated federal law in the past." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Under *Young*, a court "can only 'enjoin named defendants from taking *specified* unlawful actions." *United States v. Abbott*, 85 F.4th 328, 336 (5th Cir. 2023) (*quoting Whole Woman's Health v. Jackson*, 595 U.S. 30, 44 (2021). In other words, "*Ex parte Young* only affords *prospective* relief to stop *future* harms." *Id.* (emphasis added). So, "to meet the *Ex Parte Young* exception . . . the relief sought must be declaratory or injunctive in nature and *prospective in effect*." *Aguilar v. Tex. Dep't of Criminal Justice, Institutional Div.*, 160 F.3d 1052, 1054 (5th Cir. 1998) (emphasis added).

The inquiry here starts and ends with recognition of the fact that the reprimand letter was both issued to Plaintiff, entered into her record, and subsequently reported to the TBLE through Dean Nowlin's Character and Fitness Certification on April 13, 2026, *prior* to the Defendants being served with this lawsuit (and only a day after the suit was even filed in this Court on Sunday, April 12, 2026). ECF No. 24 at 13. As a result, even as to the (arguably) correct *Ex parte Young* Defendants, there is no injunctive remedy that this Court can properly award to affect the undoing of the *completed actions* of an already issued a written reprimand and a completed report of that reprimand to the TBLE. Such relief would be retrospective in effect, and therefore improper under *Ex parte Young*.

**C. Plaintiff's Attempts to Cast Her Requested Relief as Prospective Fail.**

Ultimately, what matters in characterizing whether relief is retrospective or prospective is not the specific verbiage used to describe the relief requested, but the actual effect of the relief. *See Aguilar*, 160 F.3d at 1054. In characterizing relief as prospective or retrospective, the court must examine "whether [the] complaint alleges an *ongoing violation* of federal law and seeks relief

properly characterized as prospective." *Verizon Md. Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002) (*quoting Idaho v. Coeur D'Alene Tribe*, 521 U.S. 261, 296 (1997)) (alteration in original; emphasis added). As this Court stated in its previous order, "injunctions that are packaged as prospective relief but require 'the voiding of a final state' official's action are 'quintessentially retrospective and thus out of bounds under *Young*.'" Order, ECF No. 27 at 8 (*quoting Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 473 (5th Cir. 2020)).

Plaintiff goes to great lengths to try to paint the undoing of what has been done—a quintessentially retrospective remedy—in such a manner that the remedy can appear prospective, and therefore, within the Court's jurisdiction under *Ex parte Young*. But these attempts are unpersuasive. It is readily apparent that the fact that a reprimand was issued (past tense) and reported to the TBLE (past tense) indicates completed actions, not ongoing violations, and an injunction requiring the voiding of those actions would be retrospective and therefore improper.

For example, Plaintiff cites *Scott v. Flowers*, 910 F.2d 201 (5th Cir. 1990), to support the claim that annulment or expungement of a reprimand is prospective relief has "long [been] established" by the Fifth Circuit as a form of prospective relief. *See* Plaintiff Ellen Mae Fisher's Opposed Motion for Preliminary Injunction Pending Appeal, ECF No. 34, at 12. However, using *Scott v. Flowers* for this proposition is inappropriate for several reasons.

First, the *Flowers* court explicitly "emphasize[s]" *in the footnote following the sentence that plaintiffs cited* "that [the] holding is limited to the narrow question before us, which is whether a judge can be reprimanded for publicly commenting upon the administration of justice as it relates to cases that pass through his court." *Scott v. Flowers*, 910 F.2d 201, 213 n.24 (5th Cir. 1990); *cf.* ECF No. 34 at 12. In light of this express limitation, it is improper to extend this case to the categorically different circumstances of the present case.

Second, the present case is, indeed, a categorically different circumstance. *Flowers* concerns a judge reprimanded for a letter commenting on the state of his local judicial system. *Id.* at 203–04. It is hard to see how a letter itself could be disruptive *independent* from the content of the speech expressed by the letter. Yet that is exactly what is contended in the present case. Defendants in this

7

case have consistently maintained that it is not the specific viewpoints expressed, but the disruptive and unprofessional *conduct* of the Plaintiff, which led to her reprimand.[2]

In *Flowers,* the court only ordered the expungement of a paragraph of the reprimand; here, Plaintiff seeks the entire reprimand to be undone, and its reporting to the Texas Board of Law Examiners to be retracted. Lastly, *Flowers* arises from a lower court's grant of summary judgment after the completion of discovery. *Id.* at 205–06. The present case, however, is presently at an appeal of a preliminary injunction, the parties have not conducted discovery, and the Court has been presented with neither a full factual record nor argument on the ultimate issue of the case. As such, *Flowers* does not bear any relevance here.

## II. EVEN IF THIS COURT HAD JURISDICTION, PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF.

Even if this Court were to have jurisdiction to order the requested relief, Plaintiff must still meet the elevated burden required to warrant a preliminary injunction pending an appeal of a denial of a preliminary injunction. This was discussed at length in Defendants' Response in Opposition to Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 24 at 10–23, but Defendants will summarize the most critical points on each factor here.

As stated *supra*, "An injunction pending appeal is 'rather drastic relief,'" and so the party seeking an injunction pending appeal "must show '(1) a *strong* likelihood of success on the merits; (2) irreparable injury in the absence of an injunction; (3) that the balance of hardships weighs in their favor if injunctive relief is granted; and (4) that the public interest favors such relief.'" *Legacy Hous. Corp. v. Rodwell*, No. 24-10310, 2024 U.S. App. LEXIS 8695, at *3 (5th Cir. 2024) (quotations and citations omitted) (emphasis added).

---

[2] *E.g.*, ECF No. 25 at Appx. 11 ("the Honor Council's finding was based on Ms. Fisher's conduct as opposed to the viewpoint expressed."); Appx. 20 ("I did not consider any viewpoint expressed by Ms. Fisher in my investigation."); Appx. 46 ("My recommendation against Ms. Fisher's admission to the Texas Bar was not based on any viewpoint she expressed but rather her unprofessional conduct in the Law School Clinic."); Appx. 277 ("The Honor Council did not consider the viewpoint of Ms. Fisher's comments in making its finding."); Appx. 281 (same).

### A. Plaintiff Cannot Establish a Strong Likelihood of Success on the Merits.

Plaintiff has not shown a likelihood of success on the merits of her claim. Despite Plaintiff's framing of this case as a First Amendment Retaliation claim, the evidence—reviewed by the Honor Council, school administrators, and subsequently, this Court—overwhelmingly demonstrates that Plaintiff was reasonably reprimanded for her disruptive and unprofessional conduct, not her viewpoints. *See, e.g.,* ECF No. 24 at 10–21; *see also supra* footnote 2 (listing statements that conduct, not viewpoint, was considered in Plaintiff's disciplinary proceedings).

Indeed, the claim that the disciplinary action against the plaintiff was motivated by a disfavored viewpoint is refuted by Plaintiff's own argumentation: the fact that other students who expressed negative viewpoints of Charlie Kirk were not disciplined is good evidence that the disciplinary action taken against Plaintiff was indeed because of her disruptive and unprofessional *conduct*, and not the mere fact that she expressed a potentially disfavored opinion. ECF No. 3 at ¶ 203 ("other students expressed many of the same thoughts, emotions, and viewpoints expressed by Fisher."); 207 ("Yet no other students . . . were ever investigated or punished."); ECF No. 4 at 4–5 (noting that only Plaintiff was investigated, despite students expressing negative opinions of Charlie Kirk). This lends great credence to Defendants' claims that it was Plaintiff's disruptive and unprofessional conduct, and not her speech, that led to the reprimand. As such, there could be no First Amendment violation, and Plaintiff could not succeed on the merits of her claim.

### B. Plaintiff Cannot Demonstrate that She Will Suffer Irreparable Injury in the Absence of an Injunction.

Plaintiff seeks the present injunctive relief pending appeal of a denial of a preliminary injunction, asserting that such an injunction is necessary to maintain the status quo. As this Court noted, a preliminary injunction is only necessary to maintain the last uncontested status quo "if it is the only way to 'prevent irreparable injury so as to preserve the court's ability to render a meaningful distinction on the merits.'" Order, ECF No. 27 at 11–12 n.53 (*quoting Doe v. Tex. Christian Univ. & Victor J. Boschini*, 601 F. Supp. 3d 78, 96 (N.D. Tex. 2022). In this case, because this Court has identified that Fisher may still seek monetary damages against the individual

9

Defendants (though Defendants maintain that such claims are also unwarranted), the extraordinary relief of an injunction pending appeal is not appropriate here. *See id.* (asserting that "money is still a meaningful remedy that precludes the need for injunctive relief here.")

### C. Plaintiff Can Show Neither that the Balance of Hardships Weighs in Her Favor, nor that the Public Interest Favors Granting an Injunction.

As before, Plaintiff cannot show that the balance of hardships weighs in her favor. Plaintiff also cannot demonstrate that the public interest favors granting an injunction. These factors merge in this case, as Defendants are state officials, so "the government's and the public's interests merge when the government is a party." *Mock v. Garland*, 75 F.4th 563, 577 (5th Cir. 2023). In this case, the reprimand has already been issued, and the TBLE is alerted to both the reprimand and the underlying events. This suit, as well as the underlying events, have made both local and national news, suggesting that even a minimally rigorous examination by a board of law examiners would find the facts underlying this case.[3] As such, these last two factors favor declining to grant an injunction.

Failing to carry one, let alone all four of the preliminary injunction factors, this Court should therefore deny Plaintiff's request for preliminary injunction, even if this Court finds that it has jurisdiction.

CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Opposed Motion for Preliminary Injunction Pending Appeal.

---

[3] *See, e.g.,* Karen Sloan, *Texas Tech Can Punish Law Student over Comments on Charlie Kirk's Killing, Judge Rules*, REUTERS (May 12, 2026, 2:59 PM), https://www.reuters.com/legal/government/texas-tech-can-punish-law-student-over-comments-charlie-kirks-killing-judge-2026-05-12/; Jessica Priest, *Texas Tech Law Student Sues to Block Discipline Related to Charlie Kirk Comments*, CBS AUSTIN (Apr. 13, 2026, 2:16 PM), https://cbsaustin.com/newsletter-daily/texas-tech-law-student-sues-to-block-discipline-related-to-charlie-kirk-comments.

Date: June 2, 2026

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

ROB FARQUHARSON
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100

Respectfully submitted.

/s/ Wade Johnson
WADE JOHNSON
Special Counsel
Texas State Bar No. 24062197
wade.johnson@oag.texas.gov

BRIAN B. TUNG
Assistant Attorney General
Texas State Bar No. 24145179
Brian.Tung@oag.texas.gov

LAUREN E. SAEGER
Assistant Attorney General
Texas State Bar No. 24149365
Lauren.Saeger@oag.texas.gov

JACOB P. DUSTIN
Assistant Attorney General
Texas State Bar No. 24149843
Jacob.Dustin@oag.texas.gov

COUNSEL FOR THE STATE OF TEXAS

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(a), I hereby certify that on June 2, 2026, a true and correct copy of the above and foregoing document has been served using the CM/ECF system to all counsel and parties of record.

MICHAEL THAD ALLEN
ALLEN HARRIS PLLC
PO Box 404
Quaker Hill, CT 06320
Telephone (860) 772-4738
mallen@allenharrislaw.com

MARK T. MANSFIELD
MANSFIELD & MANSFIELD
P.C. 1550 Norwood Dr. Suite 107
Hurst, Texas 76054
Telephone: (817) 282-3450
mark@mansfieldpc.com

COUNSEL FOR ELLIE FISHER

/s/ Wade Johnson
WADE JOHNSON

11