UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ELLEN MAE FISHER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 5:26-CV-0073-X |
| | § | |
| TEXAS TECH UNIVERSITY | § | |
| REGENTS, et al., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Ellen Mae Fisher's (Fisher) Motion for Preliminary Injunction Pending Appeal. (Doc. 34). After due consideration, the Court **DENIES** the motion.

The Court previously denied Fisher's Motion for a Temporary Restraining Order and Preliminary Injunction because *Ex parte Young* forecloses the relief she requests.[1] Fisher now seeks an injunction pending appeal. In doing so, she files this motion requesting that the Court (1) order "the expungement, annulment, and retraction of Defendants' disciplinary action against Fisher"; (2) order Defendants to notify the Texas Board of Law Examiners of that expungement, and (3) "forbid[] Defendants from reporting the reprimand to any third party."[2]

---

[1] Doc. 27.

[2] Doc. 34 at 18.

1

"An injunction pending appeal is rather drastic relief."[3]   The movant must therefore show "(1) a *strong* likelihood of success on the merits; (2) irreparable injury in the absence of an injunction; (3) that the balance of hardships weighs in their favor if injunctive relief is granted and (4) that the public interest favors such relief."[4]

First, the Court must confirm its jurisdiction.[5]   As the Court explained previously, Fisher must traverse the narrow doorway of *Ex parte Young* to obtain the injunctive relief she seeks against the defendants.[6]  "To turn the key on the *Ex parte Young* door, a plaintiff must sue the right defendants and ask for the right remedy."[7] Once again, that door remains closed to her.

To begin with, only Defendants Dean Nowlin, Dean Gonzales, and the Board of Regents are the right defendants—none of the remaining defendants have the requisite scintilla of enforcement authority to effectuate her requested relief.[8]

Fisher again seeks the wrong remedy.  *Ex parte Young*'s narrow exception to state sovereign immunity "does not permit judgments against state officers declaring that they violated federal law in the past."[9]  It cannot be used to attack or undo a

---

[3] *Rainey v. Jackson State Coll.*, 481 F.2d 347, 351 (5th Cir. 1973).

[4] *Whole Woman's Health v. Jackson*, 13 F.4th 434, 441 (5th Cir. 2021) (emphasis added).

[5] *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020) ("This court has a continuing obligation to assure itself of its own jurisdiction, sua sponte if necessary." (cleaned up)); *see also Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015) ("It is axiomatic that [the Court] must consider the basis of [its] own jurisdiction, sua sponte if necessary." (cleaned up)); *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (cleaned up)).

[6] *Jackson v. Wright*, 82 F.4th 362, 367 (5th Cir. 2023) (cleaned up).

[7] *Id.*

[8] *Book People, Inc. v. Wong*, 91 F.4th 318, 335 (5th Cir. 2024).

[9] *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

state official's past actions.[10]    Retrospective remedies are out of bounds under *Young*.[11]

Here, Fisher asks (1) for "expungement, annulment, and retraction of Defendants' disciplinary action"; (2) the notification of the expungement and retraction; and (3) "forbidding Defendants from reporting the reprimand to any third party."[12]  The Court takes each in turn.

At the outset, expungement, annulment, and retraction necessarily apply only to past actions.    The substance of the requested relief, despite Fisher's characterizations, is backwards looking.[13]  So the first request is "quintessentially retrospective" relief and out of bounds.[14]

Fisher argues that the Court can ignore the plainly retroactive nature of her requested relief for two reasons.  First, she argues that the Fifth Circuit established in *Scott v. Flowers*[15] that expungement is permissible injunctive relief against state officials.    Second, she argues—largely with out-of-circuit precedent—that expungement of reprimands is a clearly established remedy.

First, *Flowers*.  In *Flowers*, the Fifth Circuit held that the Texas Commission on Judicial Conduct's reprimand of a justice of the peace violated the First

---

[10] *United States v. Abbott*, 85 F.4th 328, 336 (5th Cir. 2023) ("*Ex parte Young* cannot be used to attack the Governor's *past* actions." (emphasis in original)).

[11] *Green Valley.*, 969 F.3d at 473 (cleaned up).

[12] Doc. 34 at 18.

[13] *Green Valley*, 969 F.3d at 471.

[14] *Id.* at 473.

[15] 910 F.2d 201 (5th Cir. 1990).

Amendment and ordered the district court to direct the Commission to expunge a portion of its reprimand, six years after the reprimand was issued.[16]  This, Fisher contends, indicates that "the Fifth Circuit has long established annulment/expungement of reprimands as prospective relief."[17]

Not so fast, my friend.  At no point did the *Flowers* court analyze whether *Ex parte Young* barred the requested relief.[18]  To be sure, the Court evaluated other jurisdictional hurdles.[19]  But as the Fifth Circuit itself tells us, courts are "not bound by implicit jurisdictional assumptions made in earlier cases."[20]  Drive-by jurisdictional rulings have no precedential effect.[21]  This is true of failures to consider jurisdiction broadly and failures to consider specific jurisdictional hurdles.[22]  So *Flowers*' failure to address *Young*, while permitting retroactive relief, does not bind the Court here.

Moreover, *Flowers* expressly cabins the scope of its holding to "the narrow question before [the panel] . . . is whether a judge can be reprimanded for publicly commenting upon the administration of justice as it relates to cases that pass through his court."[23]

---

[16] *Id.* at 213.

[17] Doc. 34 at 7.

[18] *Flowers*, 910 F.2d at 206–09.

[19] *Id.*

[20] *BNSF Ry. Co. v. Fed. R.R. Admin.*, 105 F.4th 691, 697 n.4 (5th Cir. 2024).

[21] *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 91 (1998).

[22] *United States v. Garcia-Ruiz*, 546 F.3d 716, 718 n.1 (5th Cir. 2008) ("The failure of earlier panels . . . to discuss mootness does not yield an implication that those panels decided the cases were not moot, and we are not bound by any *sub silentio* determination there.").

[23] *Flowers*, 910 F.2d at 213 n.24.

Accordingly, *Flowers* is not binding.

Second, Fisher's cited cases do not support her conclusion. Again, most of the cited cases are out of circuit. And her in circuit cases are distinguishable.

Fisher first contends that *Green Valley* permits injunctive relief because the harm to her future career is ongoing.[24] But *Green Valley* forecloses her conclusion. In *Green Valley*, the Fifth Circuit held that *Ex parte Young* permitted prohibiting the Texas Public Utility Commission for continuing to implement its illegal order.[25] In contrast, the Fifth Circuit concluded that *Young* does not permit injunctive relief where the Commission had already implemented its order.[26] Here, Defendant Dean Nowlin has already implemented his remand and communicated it to the Board of Law Examiners. He is not in the process of implementing a reprimand and report. It is done. So, like the Commissioner's implemented order in *Green Valley*, sovereign immunity shields disturbing the reprimand.

*Shah v. University of Texas Southwest Medical School*[27] is unavailing for similar reasons. In *Shah*, the medical school had yet to communicate Shah's dismissal to a third party.[28] There was "an imminent threat that defendants will disseminate to third parties information" that would harm his career.[29] Again, here

---

[24] Doc. 34 at 11.

[25] *Green Valley*, 969 F.3d at 473.

[26] *Id.*

[27] 129 F. Supp. 3d 480 (N.D. Tex. 2015) (Fitzwater, J.).

[28] *Id.* at 491.

[29] *Id.* at 496.

the communication to third parties has already occurred.  Thus, the requested remedy is completely retroactive, not proactive.

What is more, *Shah* is further distinguishable because it involved the invocation of a different constitutional right.  *Shah* centered on the current harm to "his constitutionally-protected liberty and property interests" in his professional reputation under the Due Process Clause of the Fourteenth Amendment.[30]  Here, Fisher seeks relief under the First Amendment, not the Fourteenth.[31]  The First Amendment harm—an alleged retaliatory reprimand—is not ongoing like a due process reputational harm could be ongoing.  Nor has the Fifth Circuit adopted that framing.[32]

"*Ex parte Young* is supposed to be an exception—not the rule.  The rule is that States (and state officers) are generally immune from suit.  And the rule is that Congress—not the courts—creates causes of action."[33]  The exception is narrow.[34] Accordingly, the Court will not widen it by mischaracterizing retroactive relief as prospective in this context.

---

[30] *Id.* at 494, 496.

[31] *See* Docs. 1, 4, 26.

[32] The Fifth Circuit expressly adopted the view that continued reputational harm that may impeded future employment is a cognizable liberty interest in *Van Overdam v. Texas A&M University*, 43 F.4th 522, 529 (5th Cir. 2022) (per curiam).  There, the Fifth Circuit concluded that, despite Van Overdam's graduation from A&M, Van Overdam's suit to clear his record and restore his reputation was not moot.  *Id.*  The Fifth Circuit did not consider *Ex parte Young*.  *See id.*  So, like *Flowers*, *Van Overdam* does not compel the conclusion that this Court can expunge Fisher's reprimand under the Fourteenth Amendment's Due Process clause, let alone under the First Amendment.

[33] *La Union de Pueblo Entero, v. Nelson*, No. 22-50775, slip op. at 5 (5th Cir. June 1, 2026) (Oldham, J., dissenting from denial of rehearing en banc) (cleaned up).

[34] *Id.*

*Ex parte Young*'s doorway is locked to Fisher's first requested remedy.

And, as the Court explained in its previous order, the second requested remedy is foreclosed.

Fisher's final requested remedy—"forbidding Defendants from reporting the reprimand to any third party"—is plainly prospective.[35]  Accordingly, the Court has jurisdiction to consider the merits.

An injunction pending appeal is "drastic relief."[36]   Fisher must show "irreparable injury in the absence of an injunction."[37]  Here, the alleged harm is not irreparable.   As the Court noted in its previous order, monetary damages are available to Fisher under 42 U.S.C. § 1983.  And Fisher has amended her complaint to include a Title VI claim that does not have the same jurisdictional barriers to injunctive relief that the First Amendment does.[38]  In short, Fisher has other means to receive a remedy for her alleged injuries.

Because the Eleventh Amendment bars Fisher's requested relief and because Fisher has otherwise failed to carry her burden, the Court **DENIES** the motion for a preliminary injunction pending appeal.

---

[35] Doc. 34 at 18.

[36] *Rainey*, 481 F.3d at 351.

[37] *Whole Woman's Health*, 13 F.4th at 441 (emphasis added).

[38] *See McCardell v. U.S. Dep't of Hous. & Urb. Dev.*, 794 F.3d 510, 522 (5th Cir. 2015) ("The Supreme Court has recognized . . . Congress expressly abrogated States' sovereign immunity against suits brought to enforce Title VI." (cleaned up)).

**IT IS SO ORDERED** this 8th day of June, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE